Anthony MANO and Denise Mano, Appellees,

v.

**Ellen B. MADDEN, Appellant.**

Superior Court of Pennsylvania.

Argued June 14, 1999.

Filed Sept. 17, 1999.

Paul G. Kirk, Philadelphia, for appellant.

Susan P. Halpern, Philadelphia, for appellees.

Before McEWEN, President Judge, and CAVANAUGH, KELLY, POPOVICH, JOHNSON, FORD ELLIOTT, STEVENS, SCHILLER and LALLY–GREEN, JJ.

CAVANAUGH, J.:

¶ 1    Ellen B. Madden appeals from the order granting plaintiffs' motion for a new trial.  On appeal, appellant claims that in granting plaintiffs' motion, the trial court improperly usurped the jury's role as finder of fact.  In the alternative, appellant asserts that if a new trial was warranted, it should not have been limited to the issue of damages.  Upon review, we affirm.

¶ 2    On September 21, 1993, at approximately 5:30 p.m., Anthony Mano was stopped in his van at a red light on City Line Avenue in Philadelphia.  Ellen Madden's vehicle was directly behind Mr. Mano's van.  At trial, Mr. Mano testified that, as the light turned green, Madden's vehicle struck him in the rear and forced his vehicle forward approximately 15 feet.  As a result of the collision, Mr. Mano claimed to have suffered injuries to his neck and back.

¶ 3    On July 28, 1994, Mr. Mano and his wife filed a personal injury and loss of consortium suit against Madden.  The case proceeded to a jury trial on November 25, 1997, before the Honorable Paul G. Ribner.  At the conclusion of the presentation of evidence, plaintiffs' counsel moved for a verdict in favor of the plaintiffs on the issue of liability.  Finding that the evidence presented at trial clearly demonstrated Madden's negligence, and finding no evidence of contributory negligence, Judge Ribner concluded that Madden had been negligent as a matter of law.  Thus, the only issue submitted to the jury was whether Madden's negligence was a substantial factor in causing harm to Mano.  The jury returned a verdict in favor of the defendant on that issue, and, on December 5, 1997, plaintiffs filed post-trial motions, arguing that the jury's verdict was against the weight of the evidence.  The trial court agreed, and granted a new trial on the issue of damages.  The present appeal followed.

¶ 4    Appellant raises two issues on appeal.  First, appellant contends that, in granting plaintiffs' motion for a new trial, the trial court improperly usurped the jury's role as finder of fact.  In support of her argument, appellant points out that expert testimony was provided at trial indicating that x-ray and MRI photographs taken of Mr. Mano's neck and back did not clearly indicate that he had suffered any harm as a result of the accident.  Appellant further points out that evidence was presented at trial demonstrating that Mr. Mano had sustained similar injuries in two prior auto accidents.  According to appellant, such evidence created a material issue of fact with respect to whether Mr. Mano was injured as a result of the accident.  As such, appellant claims that it was within the province of the jury to make credibility determinations and decide whether Mr. Mano was entitled to recover damages.

¶ 5    The decision of whether to grant a new trial is within the sound discretion of the trial court.  *Mitchell v. Gravely Int'l*, 698 A.2d 618, 619 (Pa.Super.1997).  We will not disturb the trial court's decision unless the court palpably abused its discretion or committed an error of law.  *Id.*  In evaluating an order awarding a new trial, we keep in mind that a new trial is warranted where the jury's verdict is so contrary to the evidence as to shock one's sense of justice.  *Hixson v. Barlow*, 723 A.2d 716, 717 (Pa.Super.1999).  However, a new trial should not be granted because of a mere conflict in testimony or because the trial judge, on the same

facts, would have arrived at a different conclusion. *Id.*

¶ 6 Although we are without the benefit of a trial court opinion in the present case, we may assume that the trial court found the jury's verdict to be in conflict with the uncontroverted evidence presented at trial. Thus, as there was an expert concession that appellee suffered some injury (albeit a mild one), there perforce must be some monetary award, however modest. Upon review of the record, we agree. Appellees' expert, Dr. Joseph DiRenzo, described Mr. Mano's injuries as follows:

The patient has basically a strain sprain of the—which is an inflammation to the supporting structures of the neck, the mid back and lower back region. The patient also had positive findings with disk herniation in the cervical spine as well as positive findings in the MRI of the lumbar spine which showed disk bulging. The patient also had nerve root irritation in the lumbar or lower back region. The patient also had generalized inflammation to the—to the neck, mid back and lower back region as well as a spasm and tightness and a disruption to the left jaw area. And as far as the vertigo or dizziness the patient was experiencing, the patient had initial episodes of that at the beginning of the treatment, and then at the time of releasal [sic] was not having symptoms at that time.

Dr. DiRenzo further testified that it was his opinion "in all chiropractic certainty, [that] the injuries sustained by [Mr. Mano] were in direct relation to the motor vehicle accident on 9/23/93."

¶ 7 During direct examination, appellant's expert, Dr. Edward Resnick, who examined Mr. Mano almost 2½ years after the accident, conceded that Mr. Mano suffered some injury as a result of the accident:

Q. After you performed your examination and reviewed records and test results, did you reach a diagnosis?

A. I did. I made two diagnoses. *The first was of the strains of the neck and back, sustained September 21, 1993, resolved.* That is, they healed by the time I examined the man. And the second diagnosis was of fractures of the right tibia and fibula, of the leg bones, and of the left carpal scaphoid, the bone in the left wrist, sustained January 29, 1995.

Q. And were those diagnoses within a reasonable degree of medical certainty?

A. Yes.

Q. Did you have an opinion after your examination and review of reports as to whether or not further therapy was required?

A. At the time I saw the man?

Q. Yes.

A. My opinion was that it was not, not for the injuries of 1993.

Q. Did you have an opinion about whether or not Mr. Mano, at the time you examined him, had any physical limitations regarding the injuries of September 1993?

A. My opinion was that he did not.

(Emphasis added). Under cross-examination, Dr. Resnick acknowledged once again that appellant suffered some injury as a result of the 1993 accident:

Q. Now, Doctor, you indicated in your diagnosis that as far as this accident of September, '93, the auto accident is concerned, he has sprains and strains of his neck, which were resolved; am I correct, in your diagnosis?

A. Yes.

Q. Resolved, meaning that they are better or gone away? How would you characterize resolved?

A. Yes. You could say that. Recovered, healed, resolved. Any of those are appropriate terms.

Therefore, it is evident that both medical experts believed that Mr. Mano suffered some strain to his neck and back as a result of the accident, differing only as to the extent and duration of his injury.

¶ 8  It is impermissible for a jury, in a personal injury case, to disregard the uncontroverted testimony from the experts for both parties that the plaintiff suffered some injury as a result of the accident in question. *See Rozanc v. Urbany*, 444 Pa.Super. 645, 664 A.2d 619 (1995) (remanding for new trial when jury found defendant's negligence not a substantial factor in causing harm to plaintiff and defense expert conceded that plaintiff suffered some injury as a result of accident in question).

¶ 9  Appellant's reliance on this Court's decision in *Holland v. Zelnick*, 329 Pa.Super. 469, 478 A.2d 885 (1984), is misplaced. In *Holland*, as in the present case, the plaintiff was rear-ended while stopped at a traffic light and claimed injuries to her neck as a result of the accident. However, in that case, unlike in the present case, the defense expert opined that the plaintiff's claimed injuries were not the result of the accident:

> The defendant's expert medical witness noted that neither he nor any of the physicians who had treated plaintiff found any objective evidence of pain. *His opinion was that the January 7, 1977 accident did not cause plaintiff to have the pain of which she complained.* He testified that her pain was subjective and was brought on by the litigation and was thus due to an external factor.

*Holland*, 478 A.2d at 886 (emphasis added). Conversely, appellant's expert conceded that Mr. Mano suffered neck and back strain as a result of the accident.[1]

¶ 10  Appellant argues that the trial court should not have interfered with the jury's verdict since it was based on the jury's determination that Mr. Mano was not credible. Specifically, appellant emphasizes the fact that Mano failed to tell his treating chiropractor, Dr. DiRenzo, that he suffered injuries to his neck and back in two prior automobile accidents, one in 1986 and one in 1988. Although Mano testified at trial that he did not believe this information was relevant because the injuries were resolved as of December of 1988, appellant introduced a complaint, filed by Mano in 1989, seeking recovery for permanent injuries to his neck and back that he allegedly sustained in the 1988 accident. Although this testimony is important in evaluating the extent of Mano's injuries and his overall credibility, appellant cannot ignore the testimony of her expert witness that Mano suffered a neck and back strain as a result of the 1993 accident; compensation for these injuries is for a jury to decide on remand.[2]

¶ 11  In her second argument, appellant contends that the trial court erred in limiting the new trial to the issue of damages. In support of her argument, appellant claims that the scope of the new trial should extend to the issues of liability and damages since the two issues are intertwined in the present case. Appellant also asserts that the new trial should not be limited to the issue of damages since the issue of liability is not free from doubt. In

1.  In her brief, appellant states that Dr. Resnick "unequivocally" testified that Mr. Mano exhibited "no objective manifestations of injury, only subjective complaints of pain." Her citation to Dr. Resnick's testimony, however, is misleading. It is true that Dr. Resnick testified that he "was unable to obtain any objective confirmation on [his] examination of subjective complaints" of pain made to him by Mr. Mano. However, a review of this testimony reveals that Dr. Resnick was referring to Mr. Mano's complaints of pain at the time of the examination, almost 2½ years after the accident. Moreover, appellee's expert testified that Mr. Mano's MRI depicted objective, "positive findings" of "disk bulging" in the lumbar spine, which he attributed to the 1994 motor vehicle accident.

2.  Although appellee's credibility has clearly been placed in issue, we note that Dr. Resnick's opinion was not based on appellee's stated medical history.

support of her argument, appellant points out that evidence was presented at trial demonstrating that Mano started to move when the light turned green and then stopped again before she hit him. According to appellant, such evidence demonstrates that a question of material fact still exists with respect to the issue of liability.

¶ 12 In addressing appellant's second claim, we note that "[a] new trial limited to the issue of damages will be granted where: (1) the issue of damages is not intertwined with the issue of liability; and (2) where the issue of liability has been "fairly determined" or is "free from doubt."" *Hixson*, 723 A.2d at 719 (citing *Kiser v. Schulte*, 538 Pa. 219, 232, 648 A.2d 1, 8 (1994)). Upon review, we find both requirements have been met.

¶ 13 With respect to the question of liability, our review of the record indicates that that issue has been "fairly determined." At trial, Mr. Mano testified that appellant struck him in the rear while he was stopped at a traffic light, forcing his vehicle forward approximately 15 feet. In providing her own recollection of the event, appellant stated: "Well, in my own words, he was stopped and I was stopped. He started, I started. He stopped. I hit him." Such testimony clearly indicates that appellant was not sufficiently vigilant and failed to operate her vehicle in a manner that would allow her to bring it to a stop within an assured clear distance ahead. *See* 75 Pa.C.S. § 3361 (requiring operator of motor vehicle to operate such vehicle in manner that will allow operator to bring vehicle to stop within assured clear distance ahead); *Cianci v. Burwell*, 299 Pa.Super. 387, 445 A.2d 809, 810 (1982) (stating that, in cases involving rear-end collisions, inference may be drawn that "driver of the offending vehicle either was not sufficiently vigilant or failed to have his vehicle under such control that he could bring it to a stop within assured clear distance ahead"). Therefore, we find that the issue of liability was fairly determined at trial.

¶ 14 We also find that the issue of damages is not so intertwined with the issue of liability as to warrant a new trial as to both issues. Appellant had a fair opportunity to litigate the issues of negligence and contributory negligence. It would be unfair to the Manos to force them to re-litigate these issues in order to obtain appropriate damages for themselves and the decedent's estate after liability had been established. *Kiser*, 648 A.2d at 8. We acknowledge, however, that evidence regarding the manner in which the accident occurred is relevant to the determination of damages in the present case since the accident in question involved a minor collision. Therefore, we instruct the trial court to permit both parties to present any evidence concerning the occurrence of the accident and its severity that is relevant to the issue of damages. That is to say, that while we hold that liability for fault which caused the accident has been conclusively determined, liability for injuries sustained as a result of the accident is an open and litigable issue including evidence of the dynamics of the accident. To the extent that *Hixson v. Barlow*, 723 A.2d 716 (Pa.Super.1999) may be read to require a full retrial of all issues in these circumstances, it is disapproved.

¶ 15 Order affirmed; jurisdiction relinquished.