**In the Matter of the ESTATE OF Elaine L. COCHRAN, a/k/a Elaine L. Brozell, a/k/a Elaine Brozell, Appellee.**

**Appeal of Karl Brozell, Decedent's Husband, Appellant.**

Superior Court of Pennsylvania.

Submitted June 9, 1999.

Filed Sept. 22, 1999.

Randy L. Shapira, Erie, for appellant.

Peter W. Bailey, Erie, for appellee.

Before JOHNSON, LALLY–GREEN and HESTER, JJ.

JOHNSON, J.:

 ¶ 1 On this appeal, we address whether a husband's separation from his wife under the provisions of a protection from abuse (PFA) order may establish grounds for forfeiture of the husband's spousal share of his wife's estate under section 2106(a) of the Probate, Estates, and Fiduciaries Code. Section 2106(a) provides that grounds for forfeiture may be established, *inter alia*, by a showing that a spouse "has willfully and maliciously deserted the other spouse" for one year or more. We conclude that separation prompted by issuance of a PFA order, because it results from a husband's abusive conduct, may be sufficient to establish willful and malicious desertion. Consequently, we hold that if the conduct in question results in a husband's removal from the marital residence for one year or more under provisions of a PFA order, that conduct and subsequent removal, together, provide a cognizable basis for forfeiture of the husband's spousal estate.

¶ 2 In the case before us, Karl Brozell (Husband) appeals from the order directing forfeiture of his spousal interest in the estate of his wife, Elaine L. Cochran a/k/a Elaine Brozell (Wife). The orphans' court concluded that Husband had deserted Wife within the meaning of Section 2106(a). We conclude that the court's ruling was correct as a matter of law. Accordingly, we affirm the order granting forfeiture.

¶ 3 Husband and Wife were married on November 10, 1973. They resided together continuously for twenty years until December of 1993, when Wife obtained a protection from abuse order (PFA) against Husband excluding him from the marital residence for a period of one year. Within less than one month, in January 1994, Husband sued Wife for divorce. At no time after expiration of the PFA did Husband attempt to reconcile with Wife or return to the marital residence. Over an ensuing period of five years Husband made no attempts to contact Wife; he sent no cards or gifts. He did, however, file a second divorce complaint in 1996. Subsequently, on January 2, 1998, Wife died, survived by Husband and her four daughters. The couple's divorce was not finalized prior to Wife's death. Wife's will named her four daughters as the sole beneficiaries of her estate.

¶ 4 Following Wife's death, Husband filed an election to take against her will and subsequently filed objections to the inventory of Wife's estate. On September 10, 1998, the estate filed a petition to strike or vacate the election to take against the will, alleging that Husband had forfeited his right to an elective share of Wife's estate. On October 5, 1998, the orphans' court, the Honorable Shad Connelly, conducted a hearing on the petition. On November 2, 1998, the court entered an order adjudging that Husband had forfeited his spousal interest in Wife's estate. On November 30, 1998, Husband filed a motion for reconsideration, and on December 17, 1998, Judge Connelly denied recon-

sideration. Husband then filed this appeal.

¶ 5 On appeal, Husband raises the following issue for our review:

1. Where there is no evidence in the record that an estranged husband willfully and maliciously deserted his wife, can the court order that the husband has forfeited his right to elect against his wife's will?

Brief for Appellant at 2.

■ ¶ 6 The standard of review of an appellate court in the consideration of an appeal from the findings of the orphans' court is deferential:

On appeal, the findings of an Orphans' Court judge who hears testimony without a jury are entitled to the weight of a jury verdict. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the Orphans' Court's findings, our task is to ensure that the record is free from legal error and to determine if the Orphans' Court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence.

*Estate of Dembiec*, 321 Pa.Super. 515, 468 A.2d 1107, 1110 (1983) (citations and internal quotation marks omitted).

■ ¶ 7 The death of a spouse during the pendency of a divorce proceeding abates the divorce action and any and all claims for equitable distribution. *Myers v. Myers*, 397 Pa.Super. 450, 580 A.2d 384, 385 (1990). However, the Probate, Estates and Fiduciaries Code (the "Probate Code") "contains substantial provisions designed to insure the fair distribution of the marital estate upon the death of one spouse." *Haviland v. Haviland*, 333 Pa.Super. 162, 481 A.2d 1355, 1357 (1984). The relevant section of the Code provides, in pertinent part:

## § 2106. Forfeiture

**Spouses share.**—A spouse who, for one year or upwards previous to the death of the other spouse, has willfully neglected or refused to perform the duty to support the other spouse, or who for one year or upwards has willfully and maliciously deserted the other spouse, shall have no right or interest under this chapter in the real or personal estate of the other spouse.

20 Pa.C.S. § 2106(a).

■ ¶ 8 Our Supreme Court has previously applied this section under circumstances where, as here, the spouses were physically separated. The Court has recognized that "the mere fact of separation does not create a presumption of willful and malicious desertion." *In re Estate of Kostick*, 514 Pa. 591, 594, 526 A.2d 746, 748 (1987). *See also Lodge's Estate*, 287 Pa. 184, 186, 134 A. 472, 473 (1926) ("Mere separation is not desertion, there must be an actual abandonment of matrimonial cohabitation with intent to desert, willful and persisted in without cause."). Thus, where an allegation of desertion is based on separation, the party advocating forfeiture must prove there was a desertion without cause or consent of the other spouse. *In re Estate of Fisher*, 442 Pa. 421, 424, 276 A.2d 516, 519 (1971). However, once such a showing has been made, the parties' separation is presumed a willful and malicious desertion and the burden shifts to the surviving spouse to prove the contrary. *Id.*

¶ 9 Husband contends that because he was removed from the marital residence pursuant to a PFA order, and did not leave upon his own volition, Wife's heirs cannot establish that he willfully and maliciously deserted Wife. The trial court determined that the record established desertion through evidence that, following the expiration of the PFA, Husband did not contact Wife or attempt to return to the marital residence. The court concluded that Husband failed to establish that

the desertion was consensual or with cause, and that, consequently, Husband forfeited his spousal interest in Wife's estate. Trial Court Opinion, 11/2/98, at 9.

 ¶ 10 We note, initially, that we may affirm the disposition of a trial court for reasons other than those upon which that court relied in fashioning its order or argued by the parties on appeal. Though we may consider only issues raised by the appellant, we are not confined to its arguments. *Kingston Coal Co. v. Felton Mining Co.*, 456 Pa.Super. 270, 690 A.2d 284, 290 n. 2 (1997). In this case, both the trial court and the parties proceeded on the apparent assumption that "desertion" within the meaning of the Probate Code may be established only by evidence demonstrating that the deserting spouse's departure from the marital residence was voluntary. However, upon review of Husband's brief, we note that neither of the cases he cites enunciate that proposition, nor is the disposition of either case dependant upon such reasoning. *See* Brief for Appellant at 9 (citing *Estate of Kostick*, 514 Pa. 591, 526 A.2d 746 (1987); *In re Nixon's Estate*, 104 Pa.Super. 506, 159 A. 172 (1932)). Moreover, we have previously recognized that a spouse's conduct in violation of his or her marital commitment may effect a malicious and willful desertion even where two spouses are already separated. *See Estate of Fulton*, 422 Pa.Super. 133, 619 A.2d 280, 285 (1992) (concluding, notwithstanding consensual separation of spouses, that husband's adulterous acts with another woman constituted willful and malicious desertion). We conclude accordingly that the nature of the deserting spouse's conduct, either before or after the separation, and the extent to which it is inconsistent with the marital relationship, is dispositive of whether the separation is a willful and malicious desertion within the meaning of the forfeiture statute.

 ¶ 11 On the facts of this case, we conclude that Husband's absence from the marital residence for more than one year after issuance of the PFA order constitut-ed a *de facto* desertion. His antecedent conduct, which resulted in his removal from the home, was wholly inconsistent with the marital relationship. The record reflects that Husband precipitated issuance of the PFA by chasing Wife and one of her daughters with a lawnmower and a pitchfork. N.T. Hearing, 10/5/98, at 26–27. That conduct was, itself, fully volitional, and a legally cognizable basis for operation of the forfeiture statute.

¶ 12 Additionally, the record provides no evidence, whatsoever, that Husband's initial departure was with cause. Husband failed to attest that Wife threatened or menaced him in any way such as to compel his abusive acts. Consequently, we cannot conclude that Wife bore any responsibility for Husband's conduct or the resulting separation. Moreover, though the order that compelled Husband's initial removal from the home was the ultimate result of wife's PFA petition, we cannot equate Wife's desire to be free from domestic abuse with consent to the separation. Rather, we are compelled to recognize that Wife's action was merely a response to a volatile and dangerous situation that rendered her choice of remedy the only rational course of action. Accordingly, we find no evidence of consent to the separation in Wife's recourse to a PFA petition.

¶ 13 Moreover, Husband adduced no evidence to establish that his failures to return to the marital residence, or to contact Wife upon expiration of the PFA, were motivated by any cause or were endorsed with the consent of Wife. In point of fact, he was unaware of Wife's state of mind, and could only speculate as to her consent, stating: "Well, I figured nobody wanted me in when they throwed [sic] me out." N.T. Hearing, 10/5/98, at 34. Husband testified further that "for all intents and purposes [he] felt [his] marriage was absolutely over." *Id.* When asked if he had filed for divorce, Husband was adamant, stating: "Oh, yes, yes, sir." *Id.* Indeed, he filed two complaints, the second after more than two years had elapsed

from the flashpoint at which he and Wife had separated. When wife died, more than two years later still, Husband did not attend the funeral service or even send flowers. *Id.* at 20.

¶ 14 In view of this evidence, we have no difficulty in concluding that Husband deserted Wife for more than one year without cause or consent and, consequently, forfeited his intestate share of her estate. Accordingly, we affirm the orphans' court's order vacating Husband's election against Wife's will.

¶ 15 Order **AFFIRMED.**