**Gerald Kevin SMITH and Stephanie Smith, h/w, Appellee,**

v.

**Carole M. PUTTER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 8, 2003.
Filed Sept. 11, 2003.

Peter J. Leyh, Philadelphia, for appellants.

Patrick M. Shea, Media, for appellee.

Before: KLEIN, BENDER, and CAVANAUGH, JJ.

KLEIN, J.

¶ 1 Plaintiff Gerald Kevin Smith was involved in an automobile accident case where defendant Carole M. Putter conceded her negligence. The jury found that Defendant's negligence was not a substantial factor in causing Plaintiff Gerald Kevin Smith's injuries, and Plaintiffs appealed.

¶ 2 While the defense medical experts disputed the claimed injuries to Smith's wrist and shoulder, these doctors agreed that the accident aggravated a prior hip condition and necessitated two hip surgeries. Therefore, the verdict finding that the accident was not a substantial factor in causing injuries to Gerald Smith and therefore failing to award any damages for the hip injury is against the weight of the evidence. We note both that that evidence was disputed as to any injuries to the wrist and shoulder and that Plaintiffs did not appeal the lack of causation finding for the wrist and shoulder injuries. Therefore, we reverse and remand for a new trial limited to damages for the hip injury only.

¶ 3 In the accident, Gerald Kevin Smith was injured when Defendant failed to stop at a stop sign. His wife was a plaintiff for a loss of consortium claim. At trial, Plaintiffs presented evidence of injury to Smith's left shoulder, left wrist, and left hip. Defendant's medical expert, while disputing the wrist and shoulder injuries, conceded that the accident caused Smith's previously asymptomatic arthritis in his left hip to become symptomatic, necessitating two hip surgeries. The jury determined that Defendant's negligence was not "a substantial factor in bringing about any harm to" Smith. (Verdict Slip at 1; R.R. at 10a). The jury, therefore, never reached the question of damages. Plaintiffs filed post-trial motions alleging the verdict was against the weight of the evidence and that the trial court erred in instructing the jury on causation. The trial court denied Plain-

tiffs' post-trial motions and Plaintiffs' subsequent motion for reconsideration. This appeal followed. We agree with Plaintiffs' argument that the verdict was against the weight of the evidence and that the jury disregarded the uncontradicted expert medical testimony regarding Smith's hip injury. Therefore, we reverse and remand for a new trial limited to damages with respect to that hip injury, but not the wrist and shoulder injury. A full discussion follows.

## I. Background

¶ 4 The accident occurred on May 7, 1999 at the intersection of Earlington Road and Strathmore Road in Haverford Township, Delaware County, Pennsylvania. As noted, the Defendant ran a stop sign and hit the driver's side of the car that Gerald Smith was driving. A few months later, in November 1999, while treating for his injuries, Gerald Smith fell off a 12–foot ladder. In May 2000, Gerald Smith suffered another injury while cleaning the gutters at his home. Gerald Smith also had a previous car accident, in the mid–1990s, in which he had injured his left wrist.

¶ 5 At trial, Plaintiffs' experts, Richard J. Mandel, M.D., and Peter F. Sharkey, M.D., both testified that the accident caused a previously asymptomatic arthritic condition in Smith's left hip to become symptomatic, requiring an arthroscopic surgery in January 2001 and full hip replacement in August 2001. Defendant's medical expert, Todd Marc Kelman, D.O., agreed:

Q: Now would you agree with Dr[s]. Sharkey and Mandel that Kevin had arthritis in his [hip] prior to the accident?

A: Correct.

Q: And you would also agree that it was asymptomatic?

A: Based on the records and history, yes.

Q: Okay, and that means that it didn't, bother him, it didn't give him pain, it didn't reflect upon his active lifestyle, correct?

A: Correct.

Q: Now you would also agree that the accident caused his arthritic condition, his hip to become symptomatic?

A: Yes.

Q: And that it means that it started to cause him pain?

A: Correct.

\* \* \*

Q: And based upon your review of the medical records, you agree that Kevin has had two surgical procedures on his hip in an attempt to address his pain?

A: Correct.

Q: And the first was arthroscopic surgery?

A: Correct.

Q: And the second was total hip replacement?

A: Correct.

Q: Now in your report you state that any restrictions relating to his hip would be causally related to the motor vehicle accident?

A: Correct.

(N.T., 3/1/02, at. 101–104; R.R. at 698a–701a).

¶ 6 Plaintiffs also presented expert testimony that Smith injured his left wrist and left shoulder in the accident, although, as Plaintiffs concede, the experts disagreed as to the nature and extent of those injuries.

## II. Issues

¶ 7 On appeal, Plaintiffs raise the following issues:

(1) Was the jury's verdict as to the absence of legal causation so contrary to the weight of the evidence that a new trial is required, given that all of the medical witnesses, including Appellee Putter's, agreed that the subject accident caused asymptomatic arthritis in Appellant Kevin Smith's left hip to become symptomatic, necessitating two surgeries, including total hip replacement surgery, in an effort to ameliorate his pain symptoms, and further agreed that Mr. Smith suffered injuries to his left wrist and shoulder in the accident (although, as to these injuries, they differed in their opinions as to the nature and extent of the injuries)?

(2) Should a second trial be limited to the issue of damages?

(3) Did the trial court commit an error of law in elaborating upon the standard suggested jury charge concerning legal causation by repeating several times after reading the standard suggested charge that a substantial factor is a "significant" and "important" factor, thus suggesting a higher standard to the jury than is applicable under the law?

### A. Weight of the Evidence/Causation

 ¶ 8 A trial court's determination of whether to grant a new trial is within its sound discretion. We will not disturb the trial court's decision unless there is a clear abuse of discretion or an error of law. We keep in mind that the trial court should grant a new trial where the jury's verdict is so contrary to the evidence as to shock one's sense of justice. *See Mano v. Madden*, 738 A.2d 493, 495 (Pa.Super.1999) (*en banc*).

 ¶ 9 Here, the jury indicated on the verdict slip that Defendant was negli-

gent. The jury determined, however, that Defendant's negligence was not a substantial factor in bringing about harm to Smith. Plaintiffs argue the verdict was against the weight of the evidence because Defendant's medical expert agreed with Plaintiffs' medical experts that the accident caused injury to Smith's left hip, specifically the aggravation of Smith's preexisting and previously asymptomatic arthritic left hip, which resulted in arthroscopic surgery and subsequent hip replacement surgery. We agree with Plaintiffs' argument. Where the defense's medical expert concedes some injury as a result of the accident, the jury's finding of no causation is against the weight of the evidence.[1]

¶ 10 In *Andrews v. Jackson*, 800 A.2d 959 (Pa.Super.2002), we addressed a similar case. There, the plaintiff had cervical arthritis that had developed into spinal stenosis prior to the accident. After the accident, plaintiff's doctor concluded that the arthritis and stenosis became symptomatic after the accident and contributed to plaintiff's neck pain. Plaintiff underwent two surgeries to relieve the pressure on his spinal cord created by the arthritis and stenosis. *Id.* at 960. At trial, plaintiff's medical expert testified that the accident aggravated plaintiff's prior ailments requiring surgery and resulting in decreased movement. The defense's medical expert refuted the claim of aggravation of prior injury, *but conceded that plaintiff had suffered a neck strain in the accident. Id.*

¶ 11 The jury found defendants negligent, but determined that their negligence was not a substantial factor in causing plaintiff's injuries. Plaintiff filed a motion for new trial, which the trial court granted. Defendants appealed and this Court affirmed, stating: "Where there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused **some** injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least **some** of plaintiff's injuries." *Id.* at 962, citing *Neison v. Hines*, 539 Pa. 516, 653 A.2d 634, 637 (1995); *Mano, supra.* Such a verdict is contrary to the weight of the evidence. *Andrews,* 800 A.2d at 962; *Neison, supra; Mano, supra.*

¶ 12 Similarly, in *Mano*, plaintiff's medical expert testified that the accident caused "neck strain and sprain" as well as herniated disks in plaintiff's spine, nerve root irritation to the lower back, and general neck and back pain. Defendant's medical expert refuted the plaintiff's claims, *but conceded that plaintiff had suffered neck and back strain as a result of the accident. Mano,* 738 A.2d at 496. The trial court granted a new trial on the issue of damages. On appeal, this Court, sitting *en banc,* affirmed. *Id.* at 495. We stated: "It is impermissible for a jury, in a personal injury case, to disregard the uncontroverted testimony from the experts for both parties that the plaintiff suffered some injury as a result of the accident in question." *Id.* at 497; *see also Rozanc v. Ur-*

---

1. The determination of what is a compensable injury is uniquely within the jury's purview; a jury may choose to find that a plaintiff's pain or discomfort is the sort of "transient rub of life" for which compensation is not warranted. *See Boggavarapu v. Ponist,* 518 Pa. 162, 542 A.2d 516, 518 (1988); *see also Majczyk v. Oesch,* 789 A.2d 717, 726 (Pa.Super.2001) (*en banc* ). Nonetheless, a jury cannot determine that a defendant's negligence is not a substan-

tial factor in causing the injury where the undisputed evidence indicates otherwise. In other words, if a jury finds causation, it may go on to find the injury incidental or noncompensable and award no damages. We would not disturb that verdict. But a jury is not free to find no causation where the defense expert concedes as much. *See Davis v. Mullen,* 565 Pa. 386, 773 A.2d 764 (2001).

*bany,* 444 Pa.Super. 645, 664 A.2d 619 (1995) (remanding for new trial when jury found defendant's negligence not a substantial factor in causing harm to plaintiff where defense expert conceded that plaintiff suffered some injury as a result of accident in question).

¶ 13 Here, as in *Andrews* and *Mano,* the defense expert *conceded that the aggravation of Smith's hip condition was caused by the accident* in question. And here, as in *Andrews* and *Mano,* where both parties' medical experts agreed that the accident caused some injury, the jury was not free to disregard this evidence. Such a verdict is against the weight of the evidence. Plaintiffs are therefore entitled to a new trial.

### B. No New Trial for the Wrist and Shoulder Injuries

¶ 14 We find no abuse of discretion in the trial court's denial of relief for the wrist and shoulder injuries. Defendant's expert, Dr. Todd Kelman, examined Smith's shoulder and testified that Smith had "some shoulder pain, which sounded like a tendinitis [sic] type of problem[,]" as a result of the accident, but that "[t]he etiology would be a little bit difficult since he's had several injuries to the shoulder." (Deposition of Todd Marc Kelman, D.O., 2/20/02, at 54). With respect to the wrist injury, there was evidence presented that Smith had sustained injury to that wrist in a prior accident and that he had been advised that he might require surgery on that wrist. In fact, Plaintiffs conceded that Dr. Kelman "substantially disagreed with Plaintiffs' doctors as to the extent of the wrist injury suffered in the accident." (Plaintiff's Memorandum of Law in Support of Their Motion for Post–Trial Relief, at 2, n. 1). Dr. Kelman testified that as far as the instant accident aggravating the

preexisting wrist injury, it did so only "briefly." Dr. Kelman testified:

> Basically, he has a left wrist which he has chronic pain in secondary to a ligament instability problem, which I felt was pre-existing based on the review of the records.... Basically, he had related that the pain began after a car accident in the fall of 1995. He had described a dorsiflexion injury at that time while holding the steering wheel. He had aggravation of his pain by gripping and relieved by rest and anti-inflammatories. He never really was treated with a splint. He had a lot of pain, apparently it had hurt for about a year. He was involved in amateur hockey and lifting weights which apparently seem to aggravate it ...

(Deposition of Todd Marc Kelman, D.O., 2/20/02, at 57–66). Dr. Kelman also stated on cross-examination that he could not relate Smith's current wrist problems and his wrist surgery to the automobile accident of 1999, the accident at issue. (*Id.* at 97–98).

¶ 15 Unlike the evidence with respect to the hip injury, the evidence presented with respect to the wrist and shoulder injuries was not uncontradicted with respect to whether the accident was a substantial factor in causing the wrist and shoulder injuries. Although the defense doctors opine that there might have been some pain from the 1999 automobile accident, not all minor pain is compensable. As we said in *Majczyk v. Oesch,* 789 A.2d 717, 726 (Pa.Super.2001) (see footnote 1 above), "[A] jury is always free to believe all, part, some, or none of the evidence presented. Thus, while the jury may have concluded that appellant suffered some painful inconvenience for a few days or weeks after the accident, it may have also concluded that appellant's discomfort was the sort of transient rub of life for which compensation is

not warranted." *See also Boggavarapu v. Ponist,* 518 Pa. 162, 542 A.2d 516, 518 (1988); *Kennedy v. Sell,* 816 A.2d 1153 (Pa.Super.2003).

¶ 16 In this case, the jury could well find, based on the defense doctor's testimony, that any pain suffered to the shoulder and wrist was minor. Certainly there were significant injuries to the wrist and shoulder, but the record supports a jury verdict that these injuries came from other causes. The jury could have concluded that any pain suffered to the shoulder and wrist from the instant accident was minor and transient and did not cause compensable pain. *See Majczyk, supra.* Therefore, the jury could conclude that this minor pain does not qualify as an "injury," and therefore that the accident was not a substantial factor in causing the real "injuries," the problems with the wrist and shoulder coming from other causes. Sometimes in this situation a jury will find causation and then award zero damages. In this case, particularly when there was a great deal of discussion of major injuries to the wrist and shoulder, the record supports a jury finding that the non-compensable pain did not qualify as an "injury" for which a claim for compensation is appropriate. No matter how it is phrased, the jury is merely concluding the transient pain is minor and therefore no compensation is due.

¶ 17 We note that plaintiffs' own brief on appeal specifically states that the medical witnesses "differed in their opinions as to the nature and extent of [the wrist and shoulder] injuries, and whether the wrist and shoulder injuries that Mr. Smith suffered in the accident necessitated the surgeries that were performed on each." (See Appellant's Brief, Statement of the Case, p. 5).

¶ 18 Failing to find causation for the wrist and shoulder claims, therefore, does not warrant a new trial. *See Ty–Button Tie, Inc. v. Kincel and Co.,* 814 A.2d 685 (Pa.Super.2002) (appellant is not entitled to new trial on ground that verdict is against the weight of the evidence where the evidence is conflicting and the finder of fact could have decided either way).

¶ 19 Alternatively, we find Plaintiffs have waived any challenge to causation for the wrist and shoulder injuries. In their post-trial motion, Plaintiffs disputed *only the jury's finding of no causation with respect to the aggravation of Smith's preexisting and previously asymptomatic arthritic left hip;* they did not challenge the causation issue with respect to the alleged injuries to Smith's left wrist and shoulder. In their 30–page brief in support of post-trial relief, Plaintiffs only refer to the wrist injury in a footnote, which reads in its entirety:

> On this point, it should be noted that Dr. Kelman also agreed that the accident occasioned a "flare-up" of a pre-existing wrist condition, and thus also agreed with Plaintiffs' doctors that Mr. Smith's wrist was injured as result of the accident—although he substantially disagreed with Plaintiffs' doctors as to the extent of the wrist injury suffered in the accident.

(Plaintiff's Memorandum of Law in Support of Their Motion for Post–Trial Relief, at 2, n. 1). This passing reference is insufficient to overcome waiver. Moreover, Plaintiffs acknowledge in that brief that "[w]hile Plaintiffs (and their medical witnesses) were cross-examined concerning the cause of the wrist and shoulder injury for which he also sought to recover (specifically concerning a prior wrist injury and a fall from a ladder subsequent to the subject car accident), *the causation of his hip injury was not challenged.*" (*Id.* at 1–2) (emphasis in original). And finally, nowhere in either the post-trial motion or

supporting brief is there a reference to the shoulder injury.[2] *See* Pa.R.C.P. 227.1; *cf. Jackson v. Kassab*, 812 A.2d 1233 (Pa.Super.2002) (failure to set forth argument in briefs filed in court in support of post-trial motions constitutes failure to preserve issue not argued).

### C. New Trial Limited to Damages for the Hip Injury

¶ 20 In Plaintiffs' second issue, they argue that a new trial should be limited to damages. We agree. "A new trial limited to the issue of damages will be granted where: (1) the issue of damages is not intertwined with the issue of liability; and (2) where the issue of liability has been fairly determined or is free from doubt." *Kiser v. Schulte*, 538 Pa. 219, 648 A.2d 1, 8 (1994). Upon review, we find both requirements have been met. Negligence was conceded and the weight of the evidence established that Defendant's negligence was a substantial factor in causing Smith's hip injuries. The issue of liability, therefore, has been fairly determined. Further, the issue of damages is not so intertwined with the issue of liability as to warrant a new trial as to both issues. Plaintiffs' damages may be established without reference to Defendant's liability arising from the car accident. However, as this Court did in *Mano*, "we instruct the trial court to permit both parties to present any evidence concerning the occurrence of the accident and its severity that is relevant to the issue of damages." 738 A.2d at 497. We therefore grant Plaintiffs

a new trial limited to damages with respect to the aggravation of his left hip condition. *See Mano, supra; see also Hyang v. Lynde*, 820 A.2d 753 (Pa.Super.2003).

### D. Jury Charge

¶ 21 Based on our disposition of the preceding issues, we find it unnecessary to address Plaintiffs' third issue challenging the trial court's jury instruction on causation.

¶ 22 Judgment vacated. Case remanded with instructions. Jurisdiction relinquished.

¶ 23 BENDER, J., files a Concurring and Dissenting Opinion.

BENDER, J., Concurring and Dissenting.

¶ 1 I join the Majority's decision in all parts except for one. The Majority concludes that, "Unlike the evidence with respect to the hip injury, the evidence presented with respect to the wrist and shoulder injuries was not uncontradicted with respect to whether the accident was a substantial factor in causing the wrist and shoulder injuries." Majority Slip Opinion at 9. I write separately to distance myself from this statement as I conclude that it is contrary to the record. However, I agree with the Majority's conclusion that the Plaintiffs waived the wrist and shoulder claims due to their failure to raise these claims in their post-trial motion.[3] Thus, I agree that the case should

---

**2.** We note that Plaintiffs' Motion for Reconsideration also fails to raise any issue with respect to Smith's shoulder or wrist injuries. We also note that following the filing of the notice of appeal, the trial court did not request a Pa.R.A.P.1925(b) statement. The court, however, did issue an opinion. That opinion, inexplicably, does not address the issue of the hip injury, but does address the issues of the wrist and shoulder injuries.

**3.** I commend my esteemed colleague, Judge Klein for his meticulous review of this case that resulted in his unearthing of the waiver argument, which is key to this Court's decision, and which Defendant failed to present to this Court. *Cf. In re Estate of Cochran*, 738 A.2d 1029, 1032 (Pa.Super.2003) (stating that we may affirm a trial court's decision for reasons other than those upon which it relied, and although we may consider only issues

be remanded and that the proceedings should be limited to a new trial on damages for the hip injury alone.

¶ 2 In this case, the jury determined that Defendant was negligent, but that Defendant's negligence was not "a substantial factor in bringing about any harm to" Mr. Smith. Verdict Slip at 1; Reproduced Record (R.R.) at 10a. Plaintiffs argue that this verdict was against the weight of the evidence because Defendant's medical expert agreed with Plaintiffs' medical experts that Mr. Smith suffered some injury to his hip, wrist and shoulder, as a result of the accident. Recently, in *Andrews v. Jackson,* 800 A.2d 959 (Pa.Super.2002), *appeal denied,* 572 Pa. 694, 813 A.2d 835 (2002), we addressed this issue and stated:

> Where there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused **some** injury to the plaintiff, the jury may not find [that] the defendant's negligence was not a substantial factor in bringing about at least **some** of plaintiff's injuries. Such a verdict is contrary to the weight of the evidence adduced at trial. In other words, a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic.

*Id.* at 962. Therefore, "[i]t is impermissible for a jury, in a personal injury case, to disregard the uncontroverted testimony from the experts for both parties that the plaintiff suffered **some** injury as a result of the accident in question." *Mano v. Madden,* 738 A.2d 493, 496 (Pa.Super.1999) (en banc) (emphasis added).

presented by the parties on appeal, we are not confined to their argument when affirming a

¶ 3 Relying upon this law, Plaintiffs argue that when a defendant's negligence is established in a vehicle accident case, and both parties' medical experts agree that the plaintiff suffered an injury from the accident, then a jury's verdict that the defendant's negligence was not a substantial factor in bringing about the plaintiff's injury is against the weight of the evidence. In this regard, Plaintiffs cite the testimony by Defendant's medical expert, Dr. Marc Kelman, regarding Mr. Smith's alleged injuries to his hip, wrist and shoulder. Dr. Kelman's, testimony regarding the shoulder and wrist is as follows:

Q. Now, with regards to the shoulder, do you have an opinion within a reasonable degree of medical certainty as to the cause of and diagnosis of his shoulder problems?

A. Yes.

Q. And what's your opinion please?

A. That he has essentially chronic pain in the left shoulder. The etiology would be a little difficult since **he's had several injuries to the shoulder, one being at the time of the motor vehicle accident,** he complained of some shoulder pain, which sounded like a tendinitis type of problem. Subsequent to that, he had a major fall off a ladder onto that shoulder with cracking and locking and that goes more to along the lines of a major joint problem with regard to the articular cartilage and those types of structures.

· · ·

Q. And I guess what you are telling me is that (a) Kevin didn't have a perfect wrist prior to the accident, and (b) you believe that the accident aggravated those existing pre-existing problems with his wrist, fair to say?

trial court's decision).

A. I would say briefly [ (as in "for a brief amount of time") ].

R.R. at 680a, 811a–12a (emphasis added). I conclude that the foregoing testimony establishes a concession by Defendant's medical expert that Mr. Smith suffered at least some injury to his wrist and shoulder as a result of the accident.[4] In accordance with our prior holdings in *Andrews* and *Mano,* I also conclude that the jury could not have found that Defendant's negligence was not a substantial factor in causing these injuries to Mr. Smith. *Andrews,* 800 A.2d at 964; *Mano,* 738 A.2d at 496. Similarly, the trial court could not have reasonably reached its conclusion that the jury's verdict was not against the weight of the evidence in this regard.

¶ 4 The foregoing represents unequivocal evidence that Mr. Smith suffered *some* injury to his wrist and shoulder as a result of the accident. Notwithstanding this evidence, the Majority mistakenly focuses on the *extent of these injuries.*[5] However, whether the injury was a scrape, a broken bone or even one that is life-threatening, has absolutely no bearing on our analysis of the substantial factor issue. In this regard, the Majority's decision abolishes

the line distinguishing those cases where a jury awards zero or allegedly inadequate damages from those cases where the jury's finding on causation is against the weight of the evidence.

¶ 5 The Majority's analysis does so by reasoning that because the parties' evidence was contradictory as to *the extent of the injury,* an issue which *only* relates to *the extent of damages,* the jury could find that Defendant's negligence was not a *substantial factor* in causing *some* injury to Mr. Smith's shoulder and wrist despite the fact that Defendant's expert conceded the *existence of an injury to the shoulder and wrist which resulted from the car accident.* This is a classic case of putting the cart before the horse. In point of fact, a jury is not even to consider the amount of damages when it has found no causation. But under the Majority's holding, the jury may first consider damages, and if it finds none, it can then conclude that there was no causation. See Majority Opinion at 1100 (stating that if a jury concludes that the accident "did not cause compensable pain", then it can conclude "that the accident was not a substantial factor"). The Majority's ends-driven analysis concludes that it is of

---

4. I note that in various portions of Defendant's counter-argument, she avers that Mr. Smith gave incomplete information regarding his medical history. However, Defendant fails to articulate specifically how Dr. Kelman's testimony could have been influenced by the alleged incomplete medical history. More importantly, Defendant fails to establish how this evidence could detract from the import of Dr. Kelman's testimony that Mr. Smith suffered injuries as a result of the accident. Thus, as we stated in *Mano,* where the plaintiff allegedly gave his chiropractor an incomplete medical history, "Although this testimony is important in evaluating the extent of [the plaintiff's] injuries and his overall credibility, appellant cannot ignore the testimony of her expert witness that [the plaintiff] suffered a neck and back strain as a result of the 1993 accident; compensation for these

injuries is for a jury to decide on remand." *Mano,* 738 A.2d at 497.

5. I note that the Majority states, "Dr. Kelman also stated on cross-examination that he could not relate Smith's current wrist problems and his wrist injury to the automobile accident of 1999, the accident at issue." Majority Slip Opinion at 9. The Majority cites pages 97–98 of Dr. Kelman's deposition, and yet the only mention of causation in these pages is where he testifies that he "[could not] relate **all of** it" to the accident. N.T., 2/20/02, at 97 (emphasis added). Implicit in this testimony is that while Dr. Kelman could not "relate all" of Mr. Smith's injury to the car accident, he could relate at least part of it, and he stated so in his testimony quoted above. Therefore, his testimony is not contradictory, as the Majority states.

"[n]o matter how it is phrased", so long as the jury is ultimately finding that "no compensation is due." *Id.*

¶ 6 This statement by the Majority directly conflicts with our statement in *Andrews* that the distinction between a finding of no causation and a finding of no compensable pain does matter. In *Andrews*, we discussed our prior holding in *Majczyk v. Oesch*, 789 A.2d 717 (Pa.Super.2001) (en banc), a case which the Majority now cites as support for its holding, and we explained our holding in *Majczyk* as follows:

> In that case, the defendant's medical expert conceded the plaintiff had some sore muscles after the accident. The jury, however, did not award the plaintiff damages. This Court concluded that the jury may decide, based on their experience and common sense, that a claimed injury is not serious enough to award compensation. **In other words, the jury is permitted to find the defendant's negligence caused an "injury," but that the "injury" caused was not compensable.** Thus, this Court held, "that the determination of what is a compensable injury is uniquely within the purview of the jury." *Id.* at 726. Our reading of *Majczyk*, however, does not lead us to conclude that a jury may disregard uncontroverted expert witness testimony that the accident at issue did not **cause** some injury. **Rather, we conclude the jury must find the accident was a substantial cause of at least some injury, where both parties' medical experts agree the accident caused some injury. While the jury may then find the injuries caused by the accident were incidental or non-compensable and deny damages on that basis, the jury may not simply find the accident did not "cause" an injury, where both parties' medical experts have testified to the contrary.**

*Andrews*, 800 A.2d at 963–64. The Majority's holding cannot be reconciled with the foregoing, and is in fact an abrogation of it. And therefore, the Majority's decision is improper under our rule that one panel of this Court cannot overrule a previous panel's decision. *See Commonwealth v. McCormick*, 772 A.2d 982, 984 (Pa.Super.2001); *Gorski v. Smith*, 812 A.2d 683, 702 n. 8 (Pa.Super.2002). For all the foregoing reasons, I must respectfully dissent.