J-S29034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF GUY S. FRAGOLA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: PAULA FRAGOLA | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3307 EDA 2016 |

Appeal from the Order Entered September 21, 2016
In the Court of Common Pleas of Pike County
Civil Division at No(s): 71-2013 OC

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 02, 2017**

Appellant Paula Fragola ("Wife") appeals from the order of the Court of Common Pleas of Pike County dismissing her notice of election to take against the will of Guy S. Fragola ("Decedent") and directing the forfeiture of her spousal interest to an elective share of Decedent's estate. After careful review, we affirm.

The trial court aptly summarized the relevant factual background of this case as follows:

> [Decedent] and [Wife] were married in September of 1988 and were married for approximately 25 years. In 1999, [Decedent] executed a will which named [Wife] as executrix and beneficiary under the will.

---

[*] Former Justice specially assigned to the Superior Court.

Decedent suffered a stroke in February of 2009. He suffered serious physical limitations and was confined to a wheelchair for the rest of his life but retained full mental capacity. Decedent subsequently received treatment at several long-term care facilities. In the fall of 2009, Decedent resided at the Summit Ridge Rehab Center in New Jersey. Upon his release from that facility, he returned to the marital home in Milford in the fall of 2009. A full-time, live-in caregiver, Rachel Brown, was eventually hired on or about May of 2011.

[Decedent] filed a Petition for Emergency Relief from Abuse against [Wife] on May 28, 2011. This Court granted a Temporary Protection From Abuse [PFA] Order on May 31, 2011. On July 7, 2011, this Court entered an Order detailing the agreement between the parties which provided that [Decedent] would withdraw the underlying [PFA] Petition … if [Wife] were evicted from the home.

[Wife] initiated a divorce action on November 16, 2010. The divorce action proceeded for three years and was about to be completed in November 2013. Attorney Thomas Mincer represented [Decedent] during the divorce proceedings.

On November 16, 2013, [Decedent] executed a new will which named his sister, Marybeth Fragola, as executrix, and his mother, Carole Fragola, as the sole beneficiary of the will. [Decedent] subsequently passed away on December 1, 2013. Marybeth Fragola submitted the November [1]6, 2013 Will for probate in Pike County. The Will contained a provision expressly disinheriting [Wife]. The relevant provision states:

"My wife, PAULA J. FRAGOLA, separated from me approximately 3 years ago and filed a complaint for divorce from me. I deliberately and purposefully exclude her from inheriting from my estate under this Will."

On December 11, 2013, the Pike County Register of Wills issued a Decree which adopted the Will. Additionally, Attorney Mincer, as counsel for Decedent, filed an Amended Complaint in Divorce and a Notice of Intention to Request Entry of Section 3301(d) Divorce Decree on December 11, 2013. The Amended Complaint was verified by Attorney Mincer and requested a no-fault divorce pursuant to § 3301(d) of the Divorce Code.

On December 31, 2013, [Wife] appealed the Decree to this Court and alleged that Decedent lacked the testamentary capacity to execute the Will. This Court denied the appeal on February 6, 2015.

[Wife] had previously filed a Notice of Conditional Election to Take Against the Will of [Decedent] on January 16, 2014. A hearing was held on the merits of the Conditional Election to Take Against Will on June 28, 2016. At the conclusion of the hearing, the parties were given the opportunity to submit briefs or memorandum of law in the support of their respective positions. Each party filed the same on August 1, 2016.

Trial Court Opinion, 9/21/16, at 1-3 (citations omitted).

On September 21, 2016, this Court entered an Order which denied [Wife's] Conditional Election to Take Against Decedent's Will. Appellant filed a timely appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Wife raises the following issues for our review on appeal:

1) Whether the trial court erred and abused its discretion in determining that [Wife] willfully and maliciously deserted [Decedent] for more than a year prior to his death, and therefore, dismissed [Wife's] election to take against the will.

2) Whether the trial court erred and abused its discretion in determining that [Wife] willfully neglected and refused to support [Decedent] for more than a year prior to his death, and therefore, dismissed [Wife's] election to take against the will.

3) Whether the trial court erred and abused its discretion in determining that the conditions of 20 Pa.C.S.A. Section 2106(a)(2) were met, thereby dismissing [Wife's] election to take against the will.

Appellant's Brief, at 4 (issues reordered for review).

Our standard of review is well-established:

Our standard of review of an orphans' court's decision is deferential. *In re Estate of Strahsmeier*, 54 A.3d 359, 362 (Pa.Super. 2012). When reviewing an orphans' court decree, this Court must determine whether the record is free from legal error and whether the orphans' court's findings are supported by the record. *Id.* at 362–63. Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. *Id.* at 363. However, this Court is not bound to give the same deference to the orphans' court conclusions of law. *Id.* Where the rules of law on which the orphans' court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree. *Id.* Moreover, we point out that an abuse of discretion is not merely an error of judgment. However, if in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused. *Id.*

*Estate of Sacchetti v. Sacchetti*, 128 A.3d 273, 281–82 (Pa.Super. 2015) (quoting *In re Estate of Zeevering*, 78 A.3d 1106, 1108 (Pa.Super. 2013)).

"The death of a spouse during the pendency of a divorce proceeding abates the divorce action and any and all claims for equitable distribution." *In re Estate of Cochran*, 738 A.2d 1029, 1031 (Pa.Super. 1999) (citing *Myers v. Myers*, 580 A.2d 384, 385 (Pa.Super. 1990)). Although "the Probate, Estates, and Fiduciaries Code ('the Probate Code') contains substantial provisions designed to insure the fair distribution of the marital estate upon the death of one spouse," the Probate Code provides that a surviving spouse may forfeit his or her right or interest to the estate of the other spouse in certain circumstances. *Cochran*, 738 A.2d 1029, 1031

- 4 -

(Pa.Super. 1999) (quoting *Haviland v. Haviland*, 481 A.2d 1355, 1357 (Pa.Super. 1984)). In cases where a decedent died with a will that disinherits a surviving spouse, Section 2208 of the Probate Code states that the surviving spouse will forfeit an elective share of the decedent's estate if he or she meets the criteria for forfeiture set forth in Section 2106 (relating to a decedent who died intestate).

### § 2106. Forfeiture

**(a) Spouses share.—**

(1) A spouse who, for one year or upwards previous to the death of the other spouse, has willfully neglected or refused to perform the duty to support the other spouse, or who for one year or upwards has willfully and maliciously deserted the other spouse, shall have no right or interest under this chapter in the real or personal estate of the other spouse.

(2) A spouse shall have no right or interest under this chapter in the real or personal estate of the other spouse if:

(i) the other spouse dies domiciled in this Commonwealth during the course of divorce proceedings;

(ii) no decree of divorce has been entered pursuant to 23 Pa.C.S. § 3323 (relating to decree of court); and

(iii) grounds have been established as provided in 23 Pa.C.S. § 3323(g).

20 Pa.C.S. § 2106(a). In other words, a surviving spouse forfeits her right or interest in the estate of her deceased spouse by (1) willfully neglecting or refusing to perform the duty to support the decedent for one year or more

prior to the decedent's death, (2) willfully and maliciously deserting the decedent for one year or more prior to the decedent's death, or (3) the establishment of grounds for divorce under 23 Pa.C.S. 3323(g).

With respect to forfeiture by willful and malicious desertion, our courts have further provided that:

> the mere fact of separation does not create a presumption of willful and malicious desertion. **In re Estate of Kostick**, 514 Pa. 591, 594, 526 A.2d 746, 748 (1987). **See also Lodge's Estate**, 287 Pa. 184, 186, 134 A. 472, 473 (1926) ("Mere separation is not desertion, there must be an actual abandonment of matrimonial cohabitation with intent to desert, willful and persisted in without cause"). Thus, where an allegation of desertion is based on separation, the party advocating forfeiture must prove there was a desertion without cause or consent of the other spouse. **In re Estate of Fisher**, 442 Pa. 421, 424, 276 A.2d 516, 519 (1971). However, once such a showing has been made, the parties' separation is presumed a willful and malicious desertion and the burden shifts to the surviving spouse to prove the contrary. **Id.**

**In re Estate of Talerico**, 137 A.3d 577, 581 (Pa.Super. 2016) (quoting **In re Estate of Cochran**, 738 A.2d at 1031 (some internal quotation marks omitted)). "The nature of the deserting spouse's conduct, either before or after the separation, and the extent to which it is inconsistent with the marital relationship, is dispositive of whether the separation is a willful and malicious desertion within the meaning of the forfeiture statute. **In re Estate of Cochran**, 738 A.2d at 1032.

Under similar circumstances, this Court in **Cochran** found that the husband's behavior constituted a *de facto* desertion of his wife as he was absent from the marital home for more than one year after he was ordered

to leave the marital home under the provisions of a PFA order. The *Cochran* court found that the husband's threats to his wife and daughter that led to his removal from the marital home were wholly inconsistent with the marital relationship and emphasized that upon the expiration of the PFA order, the husband did not attempt to return to the marital residence. In addition, this Court noted that there was no evidence that the wife bore any responsibility for the husband's departure as the husband did not allege that the wife threatened him in any way to incite his abusive acts.

Moreover, this Court found in *Cochran* that the wife's filing of the PFA petition to remove the husband from the home was not evidence that she consented to the husband's separation but was evidence of her desire to be free from domestic abuse. *See id*. (recognizing that "Wife's action was merely a response to a volatile and dangerous situation that rendered her choice of remedy the only rational course of action").

Likewise, in this case, we agree with the trial court's finding that Wife willfully and maliciously deserted Decedent more than one year prior to Decedent's death. Wife filed for divorce from Decedent in November 2010, vacated the marital residence in May 2011 after the temporary PFA order was entered against her, and never attempted to reconcile with Decedent before his death on December 1, 2013.

Wife's conduct, which led to the issuance of the PFA order and her removal from this marital home, was wholly inconsistent with the marital relationship. The trial court noted that Decedent's PFA petition alleged that

"Wife engaged in ongoing mental, verbal, and emotional abuse, threatened to physically 'kick his ass,' locked up bottled water that he needed to take his medication, and intentionally provoked him in order to raise his blood pressure." T.C.O., at 6 (citing PFA petition, 5/31/11, at 6). Decedent asserted that he filed the PFA petition because he had "grave fear for his health and safety." PFA petition, 5/31/11, at 7.

Moreover, we agree that Decedent did not consent to Wife's separation by filing a PFA petition to seek her removal from the home as he was merely protecting himself from domestic abuse. Under the same rationale, we reject Wife's assertion that the parties' stipulation that Wife would not return to the marital home was evidence of Decedent's consent to her separation. As a result, we find no evidence of consent to the separation in Decedent's recourse to a PFA petition.

Wife offered no contrary evidence to rebut the presumption that her behavior constituted a willful and malicious desertion of Decedent. When Wife filed for a no-fault divorce, she did not allege that Decedent committed any fault or behaved in any manner to instigate Wife's abusive conduct that necessitated the PFA order. Wife also concedes that she never attempted to reconcile with Decedent after the PFA was entered against her.

For the foregoing reasons, we conclude that the trial court did not err in finding Wife willfully and maliciously deserted Decedent more than one year prior to Decedent's death, and, thus forfeited her right to seek an elective share of Decedent's estate. As this evidence is sufficient to support

the trial court's finding of forfeiture, we need not review Wife's remaining arguments that forfeiture was improper under the other provisions of Section 2106(a) of the Probate Code.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2017