# Perry v. McCaffery

C.P. of Allegheny County, no. GD 04-1238.

*R. Sean O'Connell,* for plaintiff.
*Robert E. Mielnicki,* for defendant.

FRIEDMAN, *J.,* June 7, 2006—

## INTRODUCTION

This case arose from a collision between two motor vehicles, one operated by plaintiff and one by defendant. During the jury trial held before the undersigned, we granted a partial directed verdict in favor of plaintiff, as to liability only. See trial transcript, p. 100. The issue of whether any of defendant's injuries were caused by plaintiff's negligence remained for the jury.

The jury returned a verdict for the defendant. Plaintiff then filed a motion for new trial as to the issue of damages only, which we granted by the order dated December 6, 2005. Defendant then filed his motion for clarification/reconsideration, which we denied by order dated January 5, 2006. The instant appeal followed.

## ISSUES ON APPEAL

In his statement of matters complained of on appeal, defendant raised three issues, quoted in full below:

"The jury in entering a verdict in this case accepted defendant's expert's testimony that plaintiff's alleged shoulder injury was not related to this accident and the

jury was free to accept or reject any expert opinion with regard to whether the additional injuries, including those alleged to plaintiff's back, neck and ankle, were related to the instant accident and did so in rendering a defense verdict."

"Even upon entry of a directed verdict as to negligence, the jury was free to determine that the injuries were so diminimus [sic] or insignificant that they did not warrant the award of any damages and the jury did so in rendering a defense verdict."

"Assuming arguendo a new trial was permissible, the jury should not be permitted to relitigate issues regarding plaintiff's shoulder injury since at the time of trial the jury accepted the opinion of defendant's expert that there was no relation between the shoulder injury and the accident and rendered a verdict for defendant, accordingly."

## FACTUAL BACKGROUND

The auto accident in question took place on May 14, 2002. Plaintiff testified that at the time of the accident, he had been stopped at a red light, in the right-hand or "slow" lane, for about 10 to 15 seconds, and that there was another car stopped in front of him. Defendant's vehicle came up from behind and hit the back of plaintiff's vehicle. The impact caused plaintiff's seat to break and he was thrown backwards in the car. His vehicle was pushed into the one in front of him. Defendant testified that just prior to the accident, as he was driving toward the intersection in the right-hand lane, he did not recall whether the light was green or red. He noticed cars slowing in front of him, and he looked into the rearview

mirror in preparation for moving into the left-hand or "fast" lane. He noticed that there were cars coming up quickly behind him which prevented him from changing lanes as planned. When he looked in front of him again, the cars in front of him were stopped and he applied the brakes but could not stop in time to avoid hitting plaintiff's vehicle. (TT pp. 85-95.) These facts are undisputed and resulted in the court's directing a verdict as to liability, leaving the issue of damages to the jury.

After the accident, plaintiff drove himself away from the scene. (TT pp. 42-44.) The next day, plaintiff sought treatment with the nurse practitioner at his family physician's office for pain in his neck, back, shoulder and ankle that began the morning after the accident. Then, on May 28, 2002, plaintiff sought treatment with Dr. William Tellin, a chiropractic doctor, for pain in his back, neck and ankle. Subsequently, on September 30, 2003, approximately 16 months after the accident, plaintiff sought treatment with and was diagnosed by Dr. Jeffrey Mulholland as having suffered a shoulder injury, for which surgery was performed.

Dr. William Tellin, the chiropractic doctor with whom plaintiff began treatment on May 28, 2002, testified by deposition. Dr. Tellin indicated that plaintiff came to him for evaluation and management of back, neck, and ankle pain. He testified that he believed that plaintiff had sustained a lumbar sprain caused by the accident in question (Tellin depo. p. 26.), and that all of the care he provided to plaintiff was the result of injuries sustained in the accident. (Tellin depo. p. 30.) Dr. Tellin testified that only the back injury required treatment, but not the neck or ankle pain complained of by plaintiff. The treatment

consisted of approximately 18 visits for stretching and moving of the lower spine, ultrasound, and electrical stimulation, along with exercise at home. (Tellin depo. p. 16.) He indicated that plaintiff remained under his care through August 7, 2002, roughly three months after the accident.

Dr. Jeffrey Mulholland, the orthopedic surgeon with whom plaintiff sought treatment, also testified via deposition. Dr. Mulholland testified that plaintiff first met with him regarding left shoulder pain on September 30, 2003, approximately 13 months after plaintiff stopped treating with Dr. Tellin. Dr. Mulholland performed arthroscopic surgery on plaintiff's left shoulder on December 11, 2003, to repair a tear in the shoulder cartilage and fraying of the rotator cuff. (Mulholland depo. pp. 9-10.) Dr. Mulholland testified that he "specifically felt that the cartilage tear was related to his accident." (Mulholland depo p. 10.)

The evidence regarding plaintiff's pre-existing physical complaints and their relation to the accident revealed the following. Plaintiff had had three prior back surgeries: a spinal fusion in 1972, a discectomy in 1996, and another discectomy in 2000. (TT p. 39.) Also prior to the accident, plaintiff had experienced pain in his right shoulder, which he attributed to playing tennis. (TT p. 56.) After the accident, plaintiff had arthroscopic surgery on his left shoulder on December 11, 2003.

The defense had an expert witness, Dr. Thomas S. Muzzonigro, a physician who practices general orthopedic medicine and surgery, and who also testified by deposition. He performed an examination of plaintiff on behalf of defendant on March 11, 2005. He testified that

plaintiff had "preexisting degenerative changes [to the lower back] that took years to develop and were secondary to the multiple injuries and surgeries prior to the May 14[, 2002] accident." (Muzzonigro depo. p. 15.) However, he concurred with the chiropractor's diagnosis that plaintiff had sustained a lower back sprain in the accident. (Muzzonigro depo. p. 18.) Dr. Muzzonigro expressed no opinion critical of the extent of treatment provided by Dr. Tellin for the undisputed injuries. Dr. Muzzonigro stated that by the time he examined plaintiff in March 2005, he believed that any lower back pain still suffered by plaintiff was caused by preexisting conditions and not by injuries suffered in the accident. (Muzzonigro depo. p. 43.) He also opined that plaintiff's shoulder injury was not caused by the accident. (Muzzonigro depo. p. 50.) He based this opinion on plaintiff's history of "problems in both shoulders before the injury and that there was no documentation of an injury to the shoulder at the time of the car accident or for 11 months after the car accident, so I didn't feel that his treatment by Dr. Mulholland, which I believe was somewhere on the order of one year and a couple months after the accident, were related to that injury date." (*Id.*)

## DISCUSSION

In *Mano v. Madden,* 738 A.2d 493 (Pa. Super. 1999), the Superior Court stated that "[i]t is impermissible for a jury, in a personal injury case, to disregard the uncontroverted testimony from the experts for both parties that the plaintiff suffered *some* injury as a result of the accident in question." 738 A.2d at 497. (emphasis added) In *Smith v. Putter,* 832 A.2d 1094 (Pa. Super. 2003), the

Superior Court stated that "[w]here the defense's medical expert concedes some injury as a result of the accident, the jury's finding of no causation is against the weight of the evidence." 832 A.2d at 1098.

Here, the defendant's own expert, Dr. Muzzonigro, testified that the plaintiff had sustained a lower back sprain as a result of the accident. (Muzzonigro depo. p. 18.) The jury therefore was not free to find, as it did, that *none* of plaintiff's injuries resulted from defendant's negligence. Furthermore, the undisputed injuries are not de minimis. They required a good deal of time and expense to treat and there was no evidence from which a jury could conclude that the treatment by Dr. Tellin was unnecessary. We properly granted a new trial so that the issue of the extent of the harm from the accident can be properly decided.

In addition, defendant's contention that the zero verdict means that the jury rejected the shoulder injury is without merit. All that verdict means is that the jury misunderstood or ignored the court's instructions on the law. A new trial on all damages claimed, including the shoulder injury, is the only just remedy for that.