**Eloise LEMMON, Appellant,**

**v.**

**David ERNST, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 15, 2003.

Filed March 18, 2003.

Reargument Denied May 29, 2003.

James DeCinti, Harrisburg, for appellant.

Jeffrey B. Rettig, Harrisburg, for appellee.

Before STEVENS, GRACI, and OLSZEWSKI, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 Eloise Lemmon ("appellant") appeals from the order of the court below which denied her motion for a new trial. Consistent with the recent decision of this Court in *Andrews v. Jackson,* 800 A.2d 959 (Pa.Super.2002), we reverse the order and remand for a trial on the issue of damages.

¶ 2 As explained in the Opinion of the trial court:

This case arose from a minor rear end collision on September 20, 1997, between [appellee's] car and the car in which [appellant] was a passenger. Both [appellee's] Buick and the Camaro in which [appellant] was a passenger, were stopped at a stop sign at the intersection of Shepardstown Road and Route 114. The Camaro began to pull forward and the defendant's car followed. The Camaro came to a stop before pulling out in to traffic and the [appellee] was unable to stop his car before impacting the rear bumper of the Camaro. The [appellee] claims that at the time of the

impact he was traveling about five miles per hour and that he was "late with the brakes." The testimony of the [appellee] and his wife described the accident as a "sudden bump" that did not cause the airbag to deploy or their seatbelts to grab. Both the [appellee] and his wife testified that they did not sustain any bruises, contusions or anything else that could be characterized as an injury as a result of this accident. Further, the damage to both vehicles from the impact was negligible.

The [appellant] describes the accident as a "violent collision" in which the Camaro was hit "really hard" and "slammed forward." She testified that the seatbelt tightened and dug into her hip and that the impact caused her head to move "like a loose cannonball, just going wherever the force was throwing it." After the accident the [appellant] claims that she developed a headache and numbness and later developed severe neck and back pain. The [appellant] seeks damages for injuries including herniated disks, sciatica, and carpal tunnel syndrome.

Trial Court Opinion, 3/12/02, at 1–2.

¶ 3 At trial, "on July 16, 2001 the jury returned a verdict finding that [appellee] Daniel Ernst's negligence was not a substantial factor in causing [appellant's] injuries." Trial Court Opinion, 3/12/02, at 1. Appellant filed a motion for a new trial, claiming that there was uncontroverted evidence presented at trial that she was injured by the defendant's negligence and that the jury's verdict was so contrary to the evidence that she should be granted a new trial. By order of March 12, the trial court denied appellant's motion for a new trial. Appellant appeals from that order.

¶ 4 On appeal, appellant raises one argument: "Plaintiff/Appellant Eloise Lemmon maintains that the [trial court] committed an error of law and abused its discretion in denying her Motion for Post–Trial Relief." Brief of Appellant at 10. According to appellant:

The medical evidence presented in the case at bar clearly established that [appellant] suffered an injury in this accident, which was caused by [appellee's] admitted negligence. Two medical doctors presented by [appellant] testified that [appellant] was injured. More importantly, a medical doctor hired by the [appellee] clearly and unequivocally testified on direct examination that [appellant] was "absolutely" injured in this accident and that he would "absolutely disagree" with any one who said otherwise.

*Id.* at 15.

¶ 5 "[I]n reviewing an order to grant a new trial," according to *Neison v. Hines,* 539 Pa. 516, 653 A.2d 634, 636 (1995) (citations omitted), "our standard of review is limited to determining whether the trial court abused its discretion or committed an error of law. A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it 'shocks one's sense of justice.' "

¶ 6 Based on the recent Opinion issued by this Court in *Andrews v. Jackson,* 800 A.2d 959 (Pa.Super.2002), we find that the trial court did abuse its discretion in refusing to grant appellant a new trial.

¶ 7 In *Andrews,* this Court considered facts remarkably similar to the instant dispute. *Andrews* was a personal injury dispute which arose when Robert Jackson, backing his moving van out of an intersection that it was encroaching in violation of a red light, came into contact with a vehicle occupied by Lawrence Andrews, crushing the vehicle's front end. Andrews, complaining of neck and back pain, sought medical attention following the accident.

At the advice of his doctors, Andrews underwent surgery to address injuries he had suffered before the accident, including a previously fractured vertebra, that were revealed when Andrews underwent examination while seeking medical attention following the accident.

¶ 8 Following medical attention, Andrews filed a civil action, alleging that the accident had caused injuries to his neck and spine and had aggravated prior conditions.

> At trial, [Andrews'] medical expert testified that the accident aggravated [his] prior ailments requiring surgery to his neck and resulting in decreased movement. [Andrews'] expert acknowledged that [Andrews] had suffered from these conditions before the accident, but noted that [Andrews] had never complained of neck and back pain before the accident. The expert opined that the accident had awakened [Andrews'] prior conditions, making them symptomatic.

*Andrews,* 800 A.2d at 961.

> The defense's medical expert refuted [Andrews'] claims that the accident aggravated his prior conditions. The defense expert concluded it was fortunate that [Andrews] discovered the infirmity in his C–2 vertebra when he did, and stated that without the accident [Andrews] may not have discovered his potentially catastrophic defect until it was too late. However, the defense medical expert conceded that [Andrews] had suffered a soft-tissue injury (cervical strain) in the accident.

*Id.*

¶ 9 The *Andrews* defense also presented trial testimony from a biomechanical expert who, while conceding the possibility of some soft-tissue injury, "was called to demonstrate that the minor impact of the two vehicles could not have aggravated [Andrews's] prior conditions." *Id.*

¶ 10 The *Andrews* jury found the defendants negligent, but, also, that the negligence was not a substantial factor in causing Andrews' injuries Accordingly, the jury awarded no damages. In response, Andrews filed a motion for a new trial, arguing that the jury's verdict was against the weight of the evidence. The trial court granted a new trial on the issue of damages.

¶ 11 On appeal, this Court affirmed the granting of a new trial. In *Andrews,* this Court characterized the issue before it as: "whether a jury may specifically find a plaintiff was not 'injured' in an accident, and deny compensation on that basis, where both party's medical experts testified the plaintiff suffered some injury." *Id.* at 960. The Court held:

> Where there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused some injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries. *See Neison v. Hines,* 539 Pa. 516, 653 A.2d 634, 637 (1995); *Mano v. Madden,* 738 A.2d 493 (Pa.Super.1999). *Compare Henery v. Shadle,* 443 Pa.Super. 331, 661 A.2d 439 (1995), *appeal denied,* 542 Pa. 670, 668 A.2d 1133 (1995); *Holland v. Zelnick,* 329 Pa.Super. 469, 478 A.2d 885 (1984). Such a verdict is contrary to the weight of the evidence adduced at trial. *See Neison, supra; Mano, supra. In other words, "a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic." Neison, supra* at 637.

*Id.* at 962 (form of citation altered).

¶ 12 *Andrews* controls the resolution of the present appeal, and constrains

us to remand for a new trial on the issue of damages. Here, despite consistent expert medical testimony to the contrary, the jury found that the appellee's negligence was not a substantial factor in causing appellant's injuries.

¶ 13 In the instant dispute, the only issues contested at trial were causation and damages. *See* Brief of Appellant at 5; Brief of Appellee at 2 ("the respective sides disputed virtually all of the salient facts except that [appellee] was negligent and that the front end of his 1994 Buick touched the rear end of the Camaro in which [appellant] was riding as a passenger").

¶ 14 Also, just as in *Andrews,* medical experts from both parties, Drs. Hartman, Fultz, and Goodman, agree that the accident caused some injury to appellant. *See* Brief of Appellant at 5–8. Dr. Hartman testified: "My opinion, within a reasonable degree of medical certainty, is that the injuries for which I treated her [appellant] for and the treatment was medically necessary, reasonable and also directly related to the injuries she sustained in the accident of September 20th of 1997." N.T. Videotape Deposition of Stuart Hartman, D.O., 6/21/01, at 25. *See also* Brief of Appellant at 5.

¶ 15 Dr. Fultz, responding to questioning, testified:

Q. Doctor, do you have an opinion based on a reasonable degree of medical certainty that the care and treatment that you provided to Ms. Lemmon [appellant] was related to the motor vehicle collision of September 20th, 1997?

A. Yes, it's my opinion, you know, again based on medical records that I have, the history the patient gives me, the diagnostic studies that I've completed on her, the fact that she was—was asymptomatic in her spine prior to the injury and has had ongoing symptoms despite all the conservative treatments that we've tried; and I conclude that her ongoing symptoms are related to the motor vehicle accident on that date.

Q. Okay. And that would include your treatment for the back pain in—in 1998, would it not?

A. Yes.

Q. Your carpal tunnel treatment and surgeries in the years 1999 and 2000?

A. Yes.

Q. And her neck problems presently?

A. Yes.

N.T. Videotape Deposition of Craig W. Fultz, M.D., 6/21/01, at 36–37. *See also* Brief of Appellant at 6.

¶ 16 Finally, Dr. Goodman, who participated in the dispute at the request of appellee, also testified in response to questioning:

Q. ... did you do an actual physical examination of Ms. Lemmon?

A. Yes.

Q. Would you tell—tell us the results of that examination, sir?

A. ... I felt that she had a cervical strain and perhaps an aggravation of her previously existing asymptomatic condition. By that I mean her arthritis obviously preexisted prior to her accident, but it wasn't bothering her. So that's called an aggravation of her previously existing asymptomatic condition.

Q. When you say you felt she sustained a cervical strain, was it your view that that was as a result of the automobile accident?

A. Yes. I think there was a direct and causal relationship between that diagnosis and her motor vehicular accident.

\* \* \*

Q. ... we had talked about your earlier examination of her [appellant] in May of 1998. That was about seven and a half

months after the accident. And my understanding of your testimony with respect to your findings on that visit was that you felt that she had sustained perhaps a cervical strain as a result of the automobile accident in September of '97, correct?

A. That's correct.

Q. And perhaps some exacerbation or aggravation of a preexisting arthritic condition in her neck or back, correct?

A. Which was asymptomatic, which was not cause [sic] causing her problems.

* * *

Q. . . . I just want to make sure that the jury understands, you do have an opinion within a reasonable degree of medical certainty that [appellant] did sustain an injury in this accident?

A. Of course.

Q. Is that correct?

A. Absolutely.

* * *

Q. Final question, Doctor, if—if someone were to testify that Ms. Lemmon was not injured, you would disagree with that person?

A. Was not injured?

Q. In this accident.

A. Absolutely I disagree.

N.T. Videotape Deposition of Bruce Goodman, M.D., 6/13/01, at 18–23; 35–36; 38; and 59–60 respectively. *See also* Brief of Appellant at 7–8.

¶ 17 In the instant dispute, "the jury returned a verdict finding that [appellee's] negligence was not a substantial factor in causing [appellant's] injuries." Trial Court Opinion, 3/12/02, at 1. Just as in *Andrews,* the jury in the instant matter so found despite testimony from medical experts on both sides of the dispute that appellant suffered injury as a result of the accident. Such a finding is contrary to the weight of evidence adduced at trial.

¶ 18 Appellee's responsive argument under caselaw pre-dating *Andrews* is unavailing. *Andrews* constitutes this Court's synthesis of caselaw, including much of that cited by appellee, relevant to the instant dispute. No meaningful factual distinction exists between the present appeal and that decided in *Andrews;* in fact, as noted earlier, the similarity between the two cases is remarkable. Moreover, *Andrews* is consistent with other decisions of this Court that emphasize the significance, for purposes of causation determinations, of consistent medical expert testimony. *See, e.g., Craft v. Hetherly,* 700 A.2d 520 (Pa.Super.1997).

Here, both parties' medical experts agreed that [appellant] sustained some injury as a result of the accident. *Therefore, the jury was not permitted to disregard the uncontroverted evidence of causation and find* [appellee's] *negligence was not a substantial factor in causing at least some injury to Appellee.* Had the jury found the accident caused some injury to [appellant], but declined to award damages because the jury concluded the injury was so minor as to be noncompensable, we would not have disturbed their verdict. However, the jury's verdict that [appellant] was not "injured" in the accident goes against the weight of the competent evidenced adduced by both parties' medical experts at trial.

*Andrews,* 800 A.2d at 965 (citations omitted).

¶ 19 ORDER REVERSED. REMANDED for new trial on the issue of damages. Jurisdiction relinquished.