# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shannon Phipps,             :
            Appellant     :
            :
         v.           :    No. 1533 C.D. 2016
            :    Submitted: March 6, 2018
Southeastern Pennsylvania      :
Transportation Authority       :


BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                  **HONORABLE P. KEVIN BROBSON,** Judge
                  **HONORABLE MICHAEL H. WOJCIK,** Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: March 27, 2018**

Shannon Phipps (Appellant) appeals from an April 11, 2016 Order of the Court of Common Pleas of Philadelphia County (trial court), denying her post-trial motion and entering judgment in favor of Appellee Southeastern Pennsylvania Transportation Authority (SEPTA) following a jury trial for personal injuries Appellant allegedly suffered when she fell down a stairway at a SEPTA train station. The jury found SEPTA was negligent but concluded the negligence was not a factual cause of Appellant's injuries. Appellant filed a post-trial motion challenging the jury's verdict on the grounds it was inconsistent because a defense expert admitted Appellant suffered some injury as a result of the fall. The trial court denied the motion, and this appeal followed.

The facts are as follows. On August 4, 2011, while descending a flight of stairs at the Marcus Hook train station in Philadelphia, Pennsylvania, Appellant fell and was injured. On August 1, 2013, Appellant commenced this civil action against SEPTA alleging the stairs were dangerous and SEPTA was negligent in failing to properly maintain them. The case initially proceeded to arbitration, at which the arbitrators found in Appellant's favor and awarded her $4,750 in damages. Appellant appealed the arbitration award and the case proceeded to a jury trial on March 14-17, 2016. (Trial Ct. Op. at 1.)

At trial, the parties contested both liability and causation. Appellant testified that she fell when the platform separating the upper stairs from the lower stairs buckled. She also testified the stairs and platform were wet and slippery from rain. (Supplemental Reproduced Record (S.R.R.) at 195b.) On cross-examination, SEPTA challenged Appellant's credibility, attempting to impeach her with prior statements she made in a SEPTA claims form, in response to interrogatories, and to her doctors, in which she made no mention of the platform buckling, only that the stairs were wet. (*Id.* at 218b, 220b-21b.) SEPTA also confronted Appellant with her deposition testimony, in which Appellant said everything was a "blur" and she did not know what caused her fall. (*Id.* at 224b, 226b, 228b.) On re-direct, Appellant testified she also said during her deposition that the platform was unstable in that when a person stepped on one side, one side would go up and the other side down. (*Id.* at 243b.)

In her case-in-chief, Appellant also presented the testimony of William Brogan, who was admitted as an expert in construction and property maintenance, and her treating physician, Dr. James Bonner. Appellant called SEPTA's safety officer to testify as if on cross-examination.

2

In its case, SEPTA called its own expert, Serge Borichevsky, a registered professional engineer, as well as two medical experts, Dr. Ronald Rosenfeld and Dr. Michael Lee Brooks. Pertinent for this appeal was the testimony of Dr. Rosenfeld, who testified that Appellant "most likely sustained a mild sprain injury of her left ankle in the fall she reported having experienced on August the 4th of 2011." (S.R.R. at 359b-60b.)

Based upon this testimony, Appellant argued during the charging conference that the issue of causation was not in dispute. SEPTA disagreed, explaining the only thing that was admitted was that Appellant suffered an ankle injury in the fall, not that SEPTA's conduct caused the fall. (Reproduced Record (R.R.) at 36a-37a.) During closing argument, SEPTA continued arguing causation. (*Id.* at 45a.)

The trial court instructed the jury, in relevant part, as follows:

> Damages in cases of disputed negligence. The parties agree that [Appellant] sustained some injury in this accident. The defense medical expert testified that the accident caused some injury to [Appellant]. The defense disputes the extent of the injury that was caused. Therefore, if you find that [SEPTA was] negligent, you must award [Appellant] some damages for those injuries.[1]

(*Id.* at 74a-75a.) The trial court also charged the jury as to the elements of negligence, including factual cause, which it explained as follows:

> Factual cause. In order for [Appellant] to recover in this case, negligent conduct on the part of SEPTA must have been a factual cause in bringing about the harm. Conduct is a factual cause of harm when the harm would not have occurred absent that conduct. To be a factual cause, the conduct must have been an actual real factor in causing the harm even if the result is unusual or unexpected. A factual cause cannot

---

[1] During the charging conference, SEPTA originally objected to this instruction but subsequently withdrew the objection. (R.R. at 38a.)

3

be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

To be a factual cause, the conduct of SEPTA need not be the only factual cause. The fact that some other causes concur with [SEPTA's] negligence in producing an injury does not relieve [SEPTA] from liability as long as [its] own individual negligence is a factual cause of the injury.

(*Id.* at 79a-80a.)

The jury was presented with a verdict slip that posed six questions. The first question asked whether SEPTA was negligent. If the jury responded yes, it was to proceed to the next question, which asked whether SEPTA's negligence was a factual cause of any harm to Appellant. If it answered "no" to the second question, its deliberations were complete, and there was no need to proceed to the remaining four questions which dealt with Appellant's comparative negligence, if any, and apportionment of damages. (*Id.* at 87a-89a.)

The jury deliberated and ultimately found SEPTA was negligent, but SEPTA's negligence was not a factual cause of Appellant's injuries. Upon reading of the verdict, Appellant, at sidebar, objected to the verdict on the grounds it was inconsistent. (*Id.* at 101a.) The trial court disagreed. A poll of the jury found seven of the eight jurors agreed with the verdict. (*Id.* at 103a-04a.)

On March 25, 2016, Appellant filed a timely post-trial motion, again alleging that the verdict was inconsistent and seeking a new trial as to damages. By order dated April 11, 2016, the trial court denied Appellant's post-trial motion and entered judgment in favor of SEPTA. On May 6, 2016, Appellant filed a Notice of Appeal.[2]

---

[2] Appellant originated her appeal in the Superior Court, which transferred this action involving SEPTA to this Court.

4

On appeal, Appellant argues the trial court erred in not granting a new trial because the jury found SEPTA to be negligent yet failed to find that its actions were a factual cause of Appellant's injuries despite an admission by a defense expert that she suffered some injury as a result of the fall. Citing a line of Superior Court cases, Appellant argues that where medical experts agree that a plaintiff sustained some injury as a result of an accident, a jury cannot disregard this evidence and find no causal connection between a defendant's actions and those admitted injuries.

SEPTA responds that the fact that its medical expert acknowledged Appellant suffered an injury from the fall does not equate to an acknowledgment by SEPTA that any negligence on its part caused that injury. SEPTA distinguishes the line of Superior Court cases upon which Appellant relies on the basis that those cases involved motor vehicle accidents.

In reviewing whether a trial court erred in denying a motion for post-trial relief, this Court's standard of review "is limited to a determination of whether the trial court abused its discretion or committed an error of law." *Irey v. Dep't of Transp.*, 72 A.3d 762, 770 n.8 (Pa. Cmwlth. 2013).

Appellant contends the trial court erred because the case law requires a finding of factual cause when the medical experts concede that a plaintiff suffered some injury as a result of the accident. For support, Appellant cites Superior Court precedent beginning with *Andrews v. Jackson*, 800 A.2d 959 (Pa. Super. 2002), and a number of cases that have since applied the reasoning of *Andrews*: namely, *Bostanic v. Barker-Barto*, 936 A.2d 1084 (Pa. Super. 2007); *Smith v. Putter*, 832 A.2d 1094 (Pa. Super. 2003); *Campagna v. Rogan*, 829 A.2d 322 (Pa. Super. 2003); and *Lemmon v. Ernst*, 822 A.2d 768 (Pa. Super. 2003).

We begin with a review of *Andrews*. In that case, the plaintiff filed a civil action against the defendant after they were involved in a motor vehicle accident. At trial, the plaintiff's medical expert testified the accident caused an aggravation of a prior neck condition. The defense expert acknowledged the accident could have caused a soft-tissue injury or aggravation of the prior condition. The jury found the defendant was negligent, but the negligence was not a substantial factor[3] in causing the plaintiff's injuries. The plaintiff filed a post-trial motion, seeking a new trial and arguing that the verdict was contrary to the weight of the evidence. The trial court granted the motion, finding both parties' experts agreed the plaintiff suffered some injury as a result of the accident. The Superior Court affirmed, explaining "[w]here there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused **some** injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least **some** of plaintiff's injuries." *Andrews*, 800 A.2d at 962 (emphasis in original). "[T]he jury's verdict that [plaintiff] was not 'injured' in the accident goes against the weight of the competent evidence[] adduced by both parties' medical experts at trial." *Id.* at 965.

Since deciding *Andrews*, the Superior Court has repeatedly held that when a jury finds a defendant was negligent, it must also find that negligence was a factual cause of plaintiff's injuries if the defense expert concedes a plaintiff suffered some injury in the accident. *See, e.g.*, *Bostanic*, 936 A.2d at 1088 (concluding grant of a new trial was not an abuse of discretion because all medical expert witnesses agreed that the accident caused plaintiff's injuries); *Smith*, 832 A.2d at 1099 (finding the jury could not disregard a defense expert's concession that an accident caused at

---

[3] "Substantial factor" is synonymous with "factual cause." *Renna v. Schadt*, 64 A.3d 658, 669 n.2 (Pa. Super. 2013).

6

least some of plaintiff's injury); *Campagna*, 829 A.2d at 330 (finding that the jury could not "disregard the uncontr[o]verted evidence of causation and find [defendant's] negligence was not a substantial factor in causing at least some injury to [plaintiff]" when all experts agreed plaintiff suffered some injury); and *Lemmon*, 822 A.2d at 770-71 (holding that a new trial was warranted on damages when the jury found the defendant's negligence was not a substantial factor in causing plaintiff's injuries, although the defense expert conceded the injuries occurred).

*Andrews*, *Bostanic*, *Smith*, *Campagna*, and *Lemmon* all involved motor vehicle accidents. In *Daniel v. William R. Drach Co., Inc.*, 849 A.2d 1265 (Pa. Super. 2004), the Superior Court found the reasoning in those cases did not apply in slip and fall cases. In *Daniel*, the plaintiff slipped and fell on a loading dock while picking up 800-pound barrels of scrap metal. The plaintiff claimed the defendant negligently maintained the loading dock by allowing oil to build up and combine with water from a leaking roof or heater. The jury found defendant was negligent but found this negligence was not a substantial factor in causing plaintiff's injury. The plaintiff filed a post-trial motion, which the trial court denied. Citing *Andrews* and its progeny, plaintiff argued the jury had to find the defendant's negligence was a substantial factor in plaintiff's injury because the defense expert conceded plaintiff was injured in the fall.

The Superior Court distinguished the *Andrews* line of cases:

> In *Andrews* and the other cases that [plaintiff] cite[s], the jury's finding of negligence established that the negligent operator of the vehicle caused the collision. Whereas those juries' findings on negligence established that the drivers were liable for causing the collision, the jury's decision in this case that [defendant] was negligent did not establish that its negligence caused the alleged accident in which [plaintiff] injured himself. This is so because when an auto accident occurs and one driver is found to be negligent, then absent contributory

7

negligence, the driver's negligence is almost invariably what caused the auto accident. And therefore, if there is an uncontroverted injury that arose from the auto accident, the jury must find that the driver's negligence, which caused the accident, was also a substantial factor in causing the injury.

However, we do not extrapolate from this case law that regardless of the factual circumstances, a finding of negligence combined with an uncontroverted injury automatically requires a finding that the negligence was a substantial factor in causing the accident that caused the injury. Rather, the aforementioned case law is limited to a jury's finding on whether the plaintiff was "'injured' in the accident." *Andrews*, 800 A.2d at 965.

*Daniel*, 849 A.2d at 1268. The Superior Court went on to state that the issue was not whether the plaintiff was injured in the accident, as that was not in dispute; "[i]nstead the issue is whether **[defendant's] negligence caused the accident** that resulted in the injury." *Id.* at 1268-69 (emphasis in original). The Superior Court concluded that the jury could have credited one of the defense theories, such as the plaintiff simply losing his balance lifting the barrel, over plaintiff's version of the fall. *Id.* at 1273.

The trial court, in its Rule 1925(a) Opinion,[4] cited *Daniel* for its conclusion that "[a] finding of negligence combined with an uncontroverted injury does not **always** require a finding of factual cause." (Trial Ct. Op. at 7 (emphasis in original).)

---

[4] Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure provides that:

[U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1).

Although this Court is not bound by the decisions of the Superior Court, they can be considered for their persuasive value, *Wertz v. Chapman Township*, 709 A.2d 428, 433 n.8 (Pa. Cmwlth. 1998), and we find the Superior Court's reasoning in *Daniel* persuasive. "Causation for an accident is distinct from causation for an injury." *Schaedel v. Esteves* (Pa. Cmwlth., No. 61 C.D. 2011, filed Nov. 3, 2011), slip op. at 9.[5] The parties here do not dispute that Appellant suffered some sort of injury when she fell on August 4, 2011. Rather, what is disputed, as shown by the evidence presented, vigorous cross-examination of Appellant, and the arguments made at trial, is **why** Appellant fell. Although it is not for this Court to speculate what the jury ultimately believed caused Appellant's fall, based on the evidence presented, the jury could have found Appellant fell because the platform was wet and slippery from the rain. What is clear is that the jury found that SEPTA's negligence had nothing to do with Appellant's fall. Appellant, as the plaintiff, bore the burden of proving causation, which the jury found she did not do. The defense medical expert's testimony that Appellant suffered an injury as a result of the fall is not sufficient to satisfy this burden. Because the trial court did not err in refusing a new trial on this basis, its Order is affirmed.

**RENÉE COHN JUBELIRER,** Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[5] Like Superior Court opinions, unreported panel decisions of this Court are not binding precedent but may be cited for their persuasive value under Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shannon Phipps,            :
         Appellant        :
                   :
         v.              :    No. 1533 C.D. 2016
                   :
Southeastern Pennsylvania     :
Transportation Authority       :

## **O R D E R**

**NOW**, March 27, 2018, the Order of the Court of Common Pleas of Philadelphia County, dated April 11, 2016, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge