J-A19023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAMELA D. SHIFFLETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOAN K. MENGEL | : | |
| | : | |
| Appellee | : | No. 1517 MDA 2021 |

Appeal from the Judgment Entered November 23, 2021
In the Court of Common Pleas of Lebanon County
Civil Division at No(s): 2018-01553

BEFORE: BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.: FILED MARCH 20, 2023

Appellant, Pamela D. Shifflett, appeals from the judgment entered in the Lebanon County Court of Common Pleas, in favor of Appellee, Joan K. Mengel, following a jury trial. We affirm.

The trial court opinion set forth the relevant facts of this appeal as follows:

> On September 26, 2016, a collision occurred between vehicles operated by [Appellant] and [Appellee]. As a result of that collision, [Appellant's] vehicle was "spun around" with its front tires in the road and its rear tires in the grass adjacent to the road. (N.T. Trial, 8/9/21, at 7). [Appellant] was not injured while she remained inside the vehicle. (***Id.*** at 36). [Appellant] was able to leave the vehicle and walk on her own. After walking on or toward the roadway, [Appellant] returned to her vehicle to get her phone in order to dial 911. (***Id.*** at 9, 36). At some point after she called 911, [Appellant] walked into a culvert and twisted her ankle.

---

[*] Former Justice specially assigned to the Superior Court.

(*Id.*)

On October 19, 2018, [Appellant] initiated a Civil Complaint against [Appellee]. At a pre-trial conference that occurred on July 13, 2021, [Appellee] acknowledged negligence, but not causation. In other words, [Appellee] acknowledged that the collision between her car and the one driven by [Appellant] was her fault. However, [Appellee] did not acknowledge that the accident caused any harm to [Appellant].

Both [Appellant] and [Appellee] produced medical experts to provide testimony to the jury via videotaped deposition. [Appellee's] expert, Dr. Daniel C. Farber, provided testimony about the seriousness of the injury claimed by [Appellant]. On cross-examination, [Appellant's] counsel endeavored to get Dr. Farber to testify that [Appellant] suffered some injury as a result of [Appellee's] negligence. Dr. Farber would not specifically provide such [testimony]. Rather, Dr. Farber acknowledged that [Appellant] suffered what he described as a "minor ankle sprain" "at the accident scene." Dr. Farber did not—nor could he—render an opinion about whether the negligence of [Appellee] was a cause of harm suffered by [Appellant].

At trial, there was significant discussion about the issue of causation. [Appellant] submitted a request for a directed verdict on the issue of causation. According to [Appellant's] counsel, Dr. Farber's testimony constituted a binding legal admission that [Appellant] should be entitled to at least some damages. (*See* Motion for Directed Verdict, 8/10/21; N.T. Trial, 8/9/21, at 43-46; N.T. Trial, 8/10/21, at 4). [The trial c]ourt consistently denied [Appellant's] request for a directed verdict on the issue of causation. However, [it] agreed with [Appellant] that if the jury found even a minor injury resulted from the accident, then the jury's verdict could not be zero dollars. (N.T. Trial, 8/10/21, at 6).

At trial, [the c]ourt provided both counsel with a complete copy of everything it planned to communicate to the jury during its Closing Instructions. (*Id.* at 4). [Appellant's] counsel objected to the [c]ourt's use of the phrase "a substantial factor[" in defining causation.] (*Id.* at 5). [Specifically, in response to the court's question as to

- 2 -

> whether there were any comments or objections, Appellant's counsel stated "I just want to renew my objection with regards to the use of the old language, a substantial factor, for purposes of preserving that. Other than that, I have no problem." (*Id.*)] … [N]o other objection was proffered when the instructions were provided in advance to both counsel. [The trial c]ourt rejected [Appellant's] counsel's challenge to the words "a substantial factor." …

(Trial Court Opinion, 11/3/21, at 1-3).[1]

On August 10, 2021, the jury returned a verdict in favor of Appellee. Although the jury found Appellee was negligent by agreement of the parties, it decided "[Appellee's] negligence was not a factual cause of any harm to [Appellant.]" (*Id.* at 31).

Appellant filed a motion for post-trial relief on August 17, 2021, requesting a new trial or entry of judgment notwithstanding the verdict ("JNOV"). In her post-trial motion, Appellant first claimed the court erred in not entering a directed verdict as to causation. Second, Appellant asserted that the court's jury instruction erroneously included the language "substantial factor" and "caused by the accident." (Post-Trial Motion, filed 8/17/21, at 4).

After receiving briefs from the parties, the court entered an order on

_____

[1] After the court issued its closing instructions to the jury, Appellant's counsel requested "some form of clarification that when [the court] referenced accident, [it was] referring to negligence as well…. I am simply saying that the repetitive use of the word 'accident' could distract them from that reality." (N.T. Trial, 8/10/21, at 28-29). The court responded: "I think we are talking semantics," to which Appellant's counsel then stated: "We can deal with it later if you don't want to deal with it now." (*Id.* at 29). Thereafter, the court did not provide any correction or clarification to its instructions.

November 3, 2021, denying post-trial relief. Appellant filed a *praecipe* to enter judgment, and judgment was entered on November 23, 2021. Appellant filed a notice of appeal,[2] and on November 26, 2021, the court ordered her to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied.

Appellant raises the following four issues for our review:

A. Whether the trial court erred by denying [Appellant's] motion for a directed verdict on question 2 (causation) when the trial court told the jury at the start of trial that [Appellee] conceded [Appellant] suffered injuries as a result of [Appellee's] negligence?

B. Where [Appellee] conceded [Appellant] suffered some injuries as a result of [Appellee's] negligence, whether the trial court erred by not granting [JNOV]?

C. Where both [Appellant] and [Appellee] requested the simple and accurate "factual cause" instruction set forth in Pa. SSJI § 13.20, whether the trial court erred by adding more than either party requested and including the words "substantial factor" to the jury instructions such that the jury heard confusing instructions as to causation[?]

D. Whether the trial court erred by instructing the jury that [Appellant] must prove harm caused "by the accident" instead of harm caused "by [Appellee's]

_____

[2] Appellant purported to appeal from the trial court's order denying her post-trial motion. An order denying post-trial motions is interlocutory and generally not appealable. *See Levitt v. Patrick*, 976 A.2d 581, 584 n.2 (Pa.Super. 2009) (stating that appeal properly lies from entry of judgment, not from order denying post-trial motions). However, because judgment was entered on November 23, 2021, we consider the appeal as taken from the entry of judgment. *See Johnston the Florist, Inc. v. TEDCO Const. Corp.*, 657 A.2d 511, 514-15 (Pa.Super. 1995) (*en banc*) (stating that appellate courts may "regard as done that which ought to have been done") (citations omitted). We have amended the caption accordingly.

negligence/conduct" when [Appellant's] ankle injury occurred moments after the accident because [Appellant] was forced to walk in a dangerous place due to where her vehicle was pushed by the accident?

(Appellant's Brief at 4) (questions reordered for purposes of disposition).

In her first issue, Appellant argues the trial court erred when it denied her motion for a directed verdict. Appellant claims she was entitled to a directed verdict as to causation because Appellee's expert conceded that Appellant suffered an ankle injury as a result of Appellee's negligence. (*Id.* at 13-19). Based on this concession, Appellant insists the court was required to enter a directed verdict on the issue of causation, relying on **Mano v. Madden**, 738 A.2d 493 (Pa.Super. 1999) (*en banc*), and **Andrews v. Jackson**, 800 A.2d 959 (Pa.Super. 2002), *appeal denied*, 572 Pa. 694, 813 A.2d 835 (2002). We disagree.

Our standard and scope of review are as follows:

Our standard[s] of review when considering motions for a directed verdict and [JNOV] are identical. We will reverse a trial court's grant or denial of a [JNOV] only when we find an abuse of discretion or an error of law that controlled the outcome of the case. Further, the standard of review for an appellate court is the same as that for a trial court.

There are two bases upon which a [JNOV] can be entered; one, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that, even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in [her] favor. Whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the

movant was beyond peradventure.

***Reott v. Asia Trend, Inc.***, 7 A.3d 830, 835 (Pa.Super. 2010), *aff'd*, 618 Pa. 228, 55 A.3d 1088 (2012) (quoting ***Campisi v. Acme Markets, Inc.***, 915 A.2d 117, 119 (Pa.Super. 2006)).

"To prevail in a negligence action, the plaintiff must show that the defendant had a duty to conform to a certain standard of conduct, that the defendant breached that duty, that such breach caused the injury in question, and actual loss or damage." ***Barton v. Lowe's Home Centers, Inc.***, 124 A.3d 349, 359 (Pa.Super. 2015) (citation omitted).

> [T]he determination of whether the defendant's conduct was a substantial cause of the injuries complained of should not be taken from the jury if the jury may reasonably differ as to whether the conduct of the defendant has been a substantial factor in causing the harm. ***See also*** Restatement (Second) of Torts § 434. If issues are raised on which a jury may not reasonably differ, it is proper for the trial court to decide them. **If, on the other hand, a jury may reasonably differ on whether the defendant's conduct was a substantial factor in causing the injury, generally, the case must go to the jury on those issues.**

***Straw v. Fair***, 187 A.3d 966, 993 (Pa.Super. 2018) (emphasis added), *appeal denied*, 651 Pa. 27, 202 A.3d 49 (2019) (quoting ***Vattimo v. Lower Bucks Hosp., Inc.***, 502 Pa. 241, 247, 465 A.2d 1231, 1233-34 (1983) (plurality)).

In ***Mano, surpa***, this Court held that it was "impermissible for a jury…to disregard the uncontroverted testimony from experts from both parties that the plaintiff suffered some injury as a result of the accident in question." ***Mano, supra*** at 497. Similarly, in ***Andrews, supra***, this Court held that

"[w]here there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused some injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries." **Andrews, supra** at 962 (emphasis omitted).

Instantly, the trial court explained:

> [The court] listened to the entirety of Dr. Farber's[, the defense expert's,] videotaped testimony in [c]ourt. Nowhere did Dr. Farber link the motor vehicle accident that [Appellee] admitted causing to the ankle injury suffered by [Appellant.] Dr. Farber acknowledged that the ankle injury occurred "at the accident scene," but he carefully avoided the semantic trap that [Appellant's] counsel attempted to set. Based upon the totality of Dr. Farber's testimony, we cannot agree with [Appellant's] assertion that Dr. Farber's testimony required us to remove the issue of causation from the jury's hands.

(Trial Court Opinion at 5). The trial court further stated:

> To be sure, [Appellee] acknowledged that her negligence caused her vehicle to collide with the one operated by [Appellant]. However, at no time did [Appellee] concede the issue of causation. To argue that [the trial court] should have taken the issue of causation from the jury based upon obtuse language from a medical expert who was dealing primarily with the seriousness of [Appellant's] injury would have been profoundly unfair. Causation in this case was very much a jury issue.

(**Id.** at 7).

Upon review, we conclude that Appellant's reliance on **Andrews, supra** and **Mano, supra** is misplaced. Whereas in those cases, experts for both parties agreed that there was injury **caused by the accident**, there was no

- 7 -

such agreement between the parties' experts in the case before us. Thus, the cases on which Appellant relies are distinguishable, and the court properly submitted the issue of causation to the jury. **See Straw, supra**. Appellant's first issue affords her no relief.

In her second issue, Appellant again insists that Appellee's expert conceded that Appellant's sprained ankle was caused by Appellee's negligence. Based on this assertion, Appellant contends the jury was not permitted to render a verdict in favor of Appellee on the issue of causation. Alternatively, Appellant claims that the evidence established she suffered some "neck, shoulder, and abdomen injuries" in the car crash. Appellant concludes the jury's verdict was flawed and against the weight of the evidence, and the trial court should have granted her motion for JNOV or granted a new trial. (Appellant's Brief at 30-31). We disagree.

Regarding a motion for JNOV:

> The trial court may award a [JNOV] or a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. When a fact finder's verdict is so opposed to the demonstrative facts that looking at the verdict, the mind stands baffled, the intellect searches in vain for cause and effect, and reason rebels against the bizarre and erratic conclusion, it can be said that the verdict is shocking.

**Haan v. Wells**, 103 A.3d 60, 70 (Pa.Super. 2014) (citations and internal quotation marks omitted).

Here, Appellant testified that she suffered pain in her right ankle about a week after the accident. (N.T. Trial, 8/9/21, at 12-13). Appellant also introduced into evidence videotaped deposition testimony from her expert, Dr. Paul J. Juliano, who treated her for an ankle injury.[3] Dr. Juliano opined that Appellant's ankle injuries were caused by the accident. (Juliano Dep. at 9).

Appellee introduced into evidence videotaped deposition testimony from her expert, Dr. Farber. Dr. Farber testified that after "reviewing [Appellant's] records and her exam and her story, it appeared that she had some minor ankle strain at the accident scene." (Farber Dep. at 21). On cross-examination the following exchange occurred:

> Q. Now, you indicated that you believed [Appellant] suffered a minor ankle sprain in her right ankle as a result of the defendant's negligence; is that correct?
>
> A. Well, at the accident scene she had that injury. I can't tell you where it comes from, but...
>
> Q. Well, [Appellant]—

---

[3] We note that it is Appellant's responsibility to supply a complete record for our review. *See* Pa.R.A.P. 1911(a). The certified record in this matter contains only a limited excerpt of the trial transcript related to causation. Appellant did not ensure that the certified record contained the full trial transcript. Nor did she supply this Court with the official transcripts of deposition testimony. *Cade v. McDanel*, 679 A.2d 1266, 1268-69 (Pa.Super. 1996) (stating appellant has duty to supply this Court with official transcripts of deposition testimony; failure to confirm that original certified record for appeal contains sufficient information to conduct proper review constitutes waiver of issues sought to be examined). Although we could deem Appellant's issues waived on this ground, Appellant included complete copies of the experts' depositions in her reproduced record (the veracity of which Appellee does not dispute) upon which we can conduct our review. *See id.*

A. –the car and turning her ankle so that's–

Q. Understand.

A. I'm not a lawyer to tell you that—the—who's responsible for it.

* * *

A. I certainly won't dispute those details. But if you ask me to describe who's responsible for the injury, that's not—I don't look at that as my job. My job is to look at her injury and—and tell you what I think, you know, happened and what the treatment was, whether the treatment was appropriate, that sort of thing. That's all I can—

Q. Well, you did — you did opine that she suffered a minor ankle sprain?

A. Correct.

Q. Right. And we can agree that she suffered an ankle injury when she stepped out of the vehicle on the grass after being pushed into the grass by the defendant's vehicle? Can we agree on that?

A. Again, I don't know—I can't speak to the—I have not studied nor remember the details of her accident. But as she described to me getting out of the car and turning her ankle when she stepped into the ditch, that would appear to be the time which she suffered her injury from her description.

Q. Okay. And do you have any information that would suggest that she suffered this ankle sprain that you say she suffered at any time other than when she's been pushed into the grass alongside the road at nighttime?

A. No.

Q. So we can agree that the reason she has a sprained ankle is because she's in the dark, on the grass, getting out of a vehicle that's been pushed off the roadway?

A. We can—we can agree that she stepped out of the car and turned her ankle and suffered an injury.

Q. Okay. And that she didn't voluntarily walk into that grassy area at nighttime?

A. No. But, again, that's not—that's not my area of expertise to look at the forensics of the accident—it's the—

\* \* \*

Q. …My question. Doctor, was really this: That when you did the—when you did the defense medical exam, you knew that the parties would be looking at your report to see what you said about what injuries were suffered as a result of [Appellee's] negligence; is that fair?

A. Sure, yes.

Q. And that what you found was that—was that she did, in fact, suffer an injury. You just characterize it as a minor sprain; is that fair?

A. True.

\* \* \*

Q. You wrote a report that indicated that [Appellant] did, in fact, suffer an injury as a result of being pushed into the grass. And you are here to tell the jury that she did, in fact, suffer an injury as a result of that incident; is that fair?

A. I mean, I'm here to present the report of my questioning and exam and review of the records.

Q. Correct. And your—your report indicated that she did, in fact, suffer a sprain to her right ankle as a result of being pushed off the road into the grass—

A. Correct.

Q. Correct? So we can agree on that?

A. Okay.

(*Id.* at 31-34, 51-53).

The trial court found that Appellee's expert did not concede that the accident was the cause of Appellant's ankle injury. Our review of the prior exchange leads us to agree. While Dr. Farber conceded that Appellant suffered an ankle injury **at the accident scene** and following the accident, he did not concede that the accident **caused** Appellant's injury. Therefore, the question of causation was properly left to the jury, and Appellant was not entitled to JNOV. Further, viewing the evidence in the light most favorable to Appellee, as verdict winner, Appellant has not established that the "evidence was such that a verdict [in her favor] was beyond peradventure." *Reott, supra* at 835. Therefore, Appellant's second issue merits no relief.[4] *Reott, supra*; *Haan, supra*.

Appellant's third and fourth issues are related, and we address them together. Appellant argues that the court erroneously instructed the jury that it must find Appellee's conduct was a "substantial factor" in bringing about Appellant's injury to render a verdict in favor of Appellant. Appellant emphasizes that both parties proposed the court use the same instruction

_____

[4] Regarding Appellant's alternative argument that she suffered some "neck, shoulder, and abdomen injuries" in the car crash, our review of the certified record does not reveal any testimony or evidence to support this claim, other than Appellant briefly describing some "upper torso" pain that she suffered the day after the accident. (N.T. Trial, 8/9/21, at 10-11). Accordingly, this alternative argument does not afford Appellant any relief.

regarding causation, the Pennsylvania Suggested Standard Jury Instruction (SSJI) § 13.20 (Factual Cause). Appellant contends that this instruction replaced the previously used terms "substantial factor" and "legal cause." (Appellant's Brief at 22). Appellant concludes the trial court erred and abused its discretion when it gave its own instruction, rather than the SSJI instruction, ultimately confusing the jury and warranting a new trial.[5] We disagree.

Our standard of review when considering the adequacy of jury instructions in a civil case is to determine whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. **Pringle v. Rapaport**, 980 A.2d 159, 165 (Pa.Super. 2009) (citation omitted).

> "It is only when the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse[,] rather than clarify a material issue[,] that error in a charge will be found to be a sufficient basis for the award of a new trial." **Id.** (quotation and citation omitted); **Commonwealth v. Chambers**, 602 Pa. 224, 980 A.2d 35, 49-50 (2009) ("[a] charge will be found adequate unless the issues are not made clear, the jury was misled by the instructions, or there was an omission from the charge amounting to a fundamental error"). Further:

---

[5] Appellant claims the trial court further confused the jury during its instructions by stating that Appellant's injuries must have been caused "by the accident" rather than using the phrase "by the defendant's negligence." (Appellant's Brief at 27). Nevertheless, Appellant has failed to develop this argument adequately on appeal. (**Id.** at 27-28). Consequently, we deem this particular claim waived. **See Coulter v. Ramsden**, 94 A.3d 1080 (Pa.Super. 2014), *appeal denied*, 631 Pa. 719, 110 A.3d 998 (2014) (explaining arguments that are not appropriately developed on appeal are waived; arguments not appropriately developed include those where party has failed to cite any authority in support of contention). Because Appellant waived this argument by failing to develop it in her brief, we need not consider whether she properly preserved this challenge before the trial court.

> [i]n reviewing a trial judge's charge, the proper test is not whether certain portions taken out of context appear erroneous. We look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party.
>
> ***Reilly by Reilly v. S.E. Pa. Transp. Auth.***, 507 Pa. 204, [231,] 489 A.2d 1291, 1305 (1985).

***Salsgiver Commc'ns, Inc. v. Consol. Commc'ns Holdings, Inc.***, 150 A.3d 957, 962-63 (Pa.Super. 2016).

Jury instructions must contain correct definitions of legal terms. ***Gorman v. Costello***, 929 A.2d 1208, 1213 (Pa.Super. 2007) (citation omitted). Although "the SSJI are not binding on trial courts, the SSJI are nonetheless instructive." ***Id.*** Nevertheless, our Supreme Court "has never adopted the Pennsylvania Suggested Standard Jury Instructions, which exist only as a reference material available to assist the trial judge and trial counsel in preparing a proper charge." ***Jeter v. Owens-Corning Fiberglas Corp.***, 716 A.2d 633, 636 (Pa.Super. 1998) (internal citation omitted). Thus, a trial judge has wide latitude in his choice of language when charging a jury, provided that the court fully and adequately conveys the applicable law. ***Hatwood v. Hospital of the University of Pennsylvania***, 55 A.3d 1229, 1235 (Pa.Super. 2012), *appeal denied*, 619 Pa. 723, 65 A.3d 414 (2013).

In ***Gorman, supra***, this Court considered a court's instruction to the jury concerning causation in a negligence case. Similar to the case here, the

appellant was injured after her vehicle was struck by the appellee's vehicle. At trial, the court instructed the jury by reading a portion of the Pennsylvania Suggested Standard Civil Jury Instructions. The jury later returned a verdict finding that the appellee was negligent, but the negligence was not a factual cause of the appellant's injuries.

On appeal, the appellant argued the court erred by reading only a portion of the suggested instruction on factual causation. This Court agreed, stating the trial court had failed to provide a complete definition of factual cause, such that the jury lacked "an essential tool needed to make an informed decision based on correct and complete legal principles relevant to its verdict on the issue of damages." *Id.* at 1213 (internal citations omitted).

Instantly, the SSJI 13.20 regarding Factual Cause that the parties asked the court to read states:

> In order for *[name of plaintiff]* to recover in this case, *[name of defendant]*'s [negligent] [grossly negligent] [reckless] conduct must have been a factual cause in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.
>
> To be a factual cause, *[name of defendant]*'s conduct need not be the only factual cause. The fact that some other causes concur with *[name of defendant]*'s negligence in producing an injury does not relieve *[name of defendant]* from liability as long as [his] [her] [their] own negligence is a factual cause of the injury.

Pa.SSJI (Civ) § 13.20.

During its instructions, the court charged the jury as follows:

There are two general issues that you will have to address: Causation and damages. Let me describe those to you in more detail. As I indicated to you at the outset, the first issue you will have to decide is whether [Appellee's] conduct was a factual cause of harm to [Appellant].

This is, again, a different concept than the question of who caused the accident. [Appellee] admits that she caused the accident. However, the question is whether the accident caused some, all or part or none of [Appellant's] harm. That is the question that you must answer.

[Appellant] must prove by a preponderance of the evidence that [Appellee's] conduct was a factual cause of her harm. To be a factual cause an event must have been a substantial factor in bringing about the harm. Notice, that I have been very careful to use the word "a" instead of the word "[the]". There can be more than one cause of a plaintiff's harm.

The concept of factual cause does not mean that an accident has to be the only cause, a primary cause, or even the most important factor in causing an injury. However, in order for a plaintiff to recover, the accident must be a substantial factor in bringing about harm to the plaintiff.

A substantial factor is defined as an actual factor, a real factor. It is not imaginary. It is not one having only an insignificant connection to the accident. An accident may be found to be a factual cause so long as it contributes to a plaintiff's harm in any way that you find to be substantial.

Now, as you assess damages you will be required to decide what damages actually resulted from the accident as opposed to some other factor. It is at that point that you will assess the degree to which [Appellant] suffered harm only as a result of the accident. To reiterate, at this point as you are answering the question regarding causation you must only decide whether this accident was a factual cause, a substantial factor in bringing about some harm to [Appellant.]

It is not necessary at this point for you to conduct a qualitative analysis of all of the different things that may have come into play to create harm to [Appellant.] That analysis will occur when you assess damages.

Let me summarize with respect to causation: Number one, in order to recover a plaintiff must prove by a preponderance of evidence that the accident was a factual cause of the harm of which [Appellant] now complains.

Two, an accident will be deemed a factual cause if it is a substantial factor in bringing about [Appellant's] harm.

Three, the accident can be a substantial factor even if other factors also contributed to [Appellant's] harm. With respect to causation you do not need to engage in a qualitative analysis of how all of the many factors related to the accident and not related to the accident may have combined to create a plaintiff's condition.

You only need to decide if the accident was a substantial factor in bringing about any harm. …

(N.T. Trial, 8/10/21, at 11-14).

Here, Appellant takes issue with the court's use of the words "substantial factor" in defining causation, as SSJI 13.20 does not use that verbiage. Nevertheless, the court fully defined the principle of causation using language that has been widely used in Pennsylvania. *See, e.g., Straw, supra* at 993 (defining causation as established when "conduct was a substantial factor in bringing about the harm inflicted upon a plaintiff"). *See also Rost v. Ford Motor Co.*, 637 Pa. 625, 654, 151 A.3d 1032, 1049 (2016) ("To establish proximate causation, a plaintiff must adduce evidence to show that the defendant's act was a substantial factor in bringing about the plaintiff's

harm"). Although the court's language did not mirror that set forth in SSJI §
13.20, the suggested standard jury instructions are not mandatory.[6] ***See***
***Jeter, supra***. Further, this case is distinguishable from the fundamental error
at issue in ***Gorman*** because it does not involve a situation where the court
provided an incomplete definition for a relevant legal principle. Thus, the trial
court did not err in denying Appellant's request for a new trial, and Appellant's
final two issues merit no relief. Accordingly, we affirm.

Judgment affirmed.

---

[6] The Subcommittee Note for SSJI 13.20 explains that "[c]onfusion has been
generated, compounded, and perpetuated by various attempts to make clear
to the jury the ramifications of the distinction between a factual cause of an
accident and a legal cause of an accident." Pa.SSJI (Civ) § 13.20,
Subcommittee Note. The Note goes on to state that the term "substantial"
means only "significant" and does not require any particular quantification.
***Id.*** Because "proximate cause" is "a term that attempts to give substance to
the distinction between factual cause and legal cause but means nothing to
an ordinary juror," that term has been omitted from the SSJI, as well as
language such as "substantial factor." ***Id.*** Thus, "the subcommittee
recommends that the emphasis be on cause and that the definition of factual
cause be so stated as to emphasize that it need not be so considerable or
large as to be confused with the plaintiff's burden of proof, which is
considerably higher." ***Id.*** Accordingly, "[i]t is the committee's belief that the
substitution of 'factual cause' for 'substantial factor' and 'legal cause' would
not change an essential element in the burden of proof charge or create a
prejudice to any party." ***Id.***

We reiterate that the SSJI are not mandatory, but as the name makes clear,
**suggested** jury instructions. ***See Jeter, supra***. Thus, the fact that the SSJI
omits the words "substantial factor" does not mean that inclusion of those
words is necessarily erroneous. Our review of the jury instruction in its
entirety makes clear that the court accurately recited the law pertaining to
causation such that a new trial is not warranted under these circumstances.
***See Pringle, supra***.

President Judge Emeritus Stevens joins this memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/20/2023